THOMAS J. HAND and HAMLIN COOK, lessors, plaintiffs in error, vs. JOHN McKINNEY, defendant in error.

A deed made in 1822, and recorded May 1836, will take precedence of a deed made and recorded December 1837.

A. sells and conveys a tract of land to B. in 1822. The grant does not issue till 1831. The deed is recorded May 1836. *Held*, That this deed will hold against a Sheriff's deed to the same property, made and recorded in Decem-

ber, 1837. And that the purchase money having been paid by B., he has something more than a complete equitable title; and that under the statute of uses, he has a complete title, both for the purposes of prosecution and defence.

Ejectment, from Baker county. Tried before Judge ALLEN, May Term, 1858.

This was a suit in ejectment for lot of land No. 243, in the eighth district of Baker county, by John Doe, upon the demises of Thomas J. Hand and Hamlin Cook, against Richard Roe, casual ejector, and John McKinney, tenant in possession.

The case was tried, and the jury found for the plaintiff, and defendant by his counsel, moved the Court for a new trial upon the following grounds:

1st. That the jury found contrary to evidence.

2d. That the jury found contrary to law.

3d. That the jury found contrary to the charge of the Court.

4th That the jury found contrary to evidence and the charge of the Court.

The Court granted the motion for a new trial and plaintiff excepted.

The facts of this case will be found sufficiently stated in the opinion pronounced by the Court.

VASON & DAVIS; SLAUGHTER & ELY, for plaintiffs in error.

WARREN & WARREN; LYON & IRWIN, contra.

*By the Court*—LUMPKIN, J. delivering the opinion.

This was an action of ejectment to recover lot No. 243, in the eighth district of Baker county. On the trial, the title as disclosed by the evidence, stood thus: The land was

deeded by Luke Johnson, the drawer, to Humphrey Rowell, the 9th day of September, 1822; the grant did not issue till the 17th day of October, 1831. The deed from Johnson to Rowell, was recorded May 28th, 1836; on the 5th December, 1837, this lot of land was sold by the Sheriff, as the property of Luke Johnson, and bought by James Chance, to whom a deed was made and recorded nine days thereafter, to-wit: on the 14th day of December, 1837. There is a regular chain of title from Chance to the defendant. Who is entitled to the land? There is no dispute as to the facts. The parties stand, each upon their legal rights. The jury found for the plaintiff, and the Court granted a new trial. Was the defendant entitled to a new trial?

The case does not fall strictly under the Act of 1837, except that under the first section of that Act, the deed from Johnson to Rowell was authorized to be read in evidence on the trial, upon the fact of registration, without further proof of execution. The Act of 1837, gives a priority to junior conveyances recorded within time, against an older deed unrecorded at the time the younger was executed, unless the second purchaser had notice. But the deed from Johnson to Rowell, as we have already seen, was recorded some eighteen months before the second deed was made. We repeat, therefore, that had these deeds been executed before the Act of 1837 was passed, the case would not fall within the letter of that Act. It has to be decided upon the law, as it stood prior to the enactment of 1837.

The Provincial Act of 1755, (*Cobb* 159,) did give a preference to younger deeds over older, where the former was recorded in time and the latter was not. But that was when deeds were recorded in the Register's office.

The Act of 1785, directing deeds to be recorded in the Clerk's office of the respective counties, is wholly silent upon this subject.

Our recollection of the decisions is, that notwithstanding the older deed was not recorded within twelve months, still

if recorded before the second deed was made, it was considered notice to the junior purchaser, and this would seem to be in conformity with the whole reason and spirit of our Registry Acts. Why should not notice by registration in such a case, be as efficacious as in any other? When does the purchaser search the records to ascertain the condition of land he is about to buy. Not at some remote point back, but he makes the examination at the time he is negotiating, and if the older deed be on record then, why should he not be chargeable with notice?

If A. sells and conveys land to B. and subsequently executes deeds to any number of persons, to the same land, still if B's deed is recorded within twelve months, he will hold under our Registry Acts, against all the rest, although his deed was unrecorded at the time they respectively bought. And yet, under this decision, no such fraud can be perpetrated. In other words, vendees under this decision are much better protected in the cases to which it applies, than they are under the law, as it now stands. The law needs amendment, both as it respects deeds and mortgages. *The first recorded should hold, irrespective of their dates.*

In this case, the deed from Johnson to Rowell, was recorded eighteen months before the Sheriff's sale. If registration ever is available as notice, it would seem, that it should be in this case.

And this construction is in accordance with the spirit of Act of 1837. (*Cobb* 175) This Act gives precedence to a junior deed, against an *unrecorded* older conveyance. The implication is irresistible, that if the older deed be recorded at the time the second deed is made, the second purchaser takes nothing. We held in the case of *May against Helms*, decided at this Term, as we had done already in previous cases, that ejectment might be maintained under a title, which amounts to a complete equity. In this case, when Rowell took a deed to the land and paid the purchase money, his equity was complete, and when the grant subse-

quently issued, under the statute of uses, his title was some-thing more than a mere equity. Indeed it should be deem-ed a legal title, both for the purposes of prosecution and de-fence.

It only remains to say, that our opinion is, that the Court erred in granting a new trial.

Judgment reversed.