## Banks vs. Lee.

73    25
116   591

73    25
120   837

1. The middle initial of the name of the grantor in a deed is generally immaterial.
2. Where an initial of a middle name was written and erased, the presumption is that the alteration was made before the deed was executed, unless the deed is denied on oath.
3. Where the only objection to the title of the plaintiff was that a middle initial had been written in the name of a grantor of a deed on which the plaintiff relied and in the signature thereto, and then

erased, and one of the witnesses to the deed testified to its genuineness and there was no conflicting evidence nor any denial of the deed on oath, a verdict for the defendant was contrary to law and evidence.

March 4, 1884.

Deeds. Title. Erasures. Verdict. Before Judge HANSELL. Berrien Superior Court. September Term, 1883.

Henry Banks brought complaint for land against Moses C. Lee. Plaintiff showed a chain of title from the state down to himself. Defendant introduced no evidence. One link in plaintiff's chain was a deed from William Bowles, or Boales (the grantee from the state) to Elijah Radford. In this deed, both in the body and signature, the name of Bowles appears to have been written with a middle initial, probable " R," which was afterwards erased. It was dated January 26, 1838, was probated for record by B. J. Parr, a subscribing witness on August 26, 1848, and was recorded March 13, 1880. Parr testified by interrogatories that the deed was genuine; that he saw it signed; that he knew nothing of any alteration; and that the last time he saw the deed it was just as it is now; that the grantor is dead; and that witness did not know of his having any middle name; that his son, who was a subscribing witness, was named William Rabun Bowles. The affidavit of probate made by Parr contained a like erasure to that in the deed. These erasures are represented by blanks in the record.

The jury found for defendant. Plaintiff moved for a new trial, because the verdict was contrary to law and evidence. The motion was overruled, and plaintiff excepted.

A. T. MacINTYRE; JAMES BANKS, for plaintiff in error.

H. G. TURNER, by brief, for defendant.

JACKSON, Chief Justice.

The plaintiff showed a complete chain of title, from the

grant to William Bowles down to himself, except that one link in the chain was a deed made in the year 1838, by William Bowles to Elijah Radford, in which it appeared that a letter, indicating the initial of a middle name, was erased from the name of Bowles, the grantor, in the body and signature of the deed, but one of the witnesses to the deed, and that one who made probate of it for record in 1848, swore, on interrogatories sued out in the case, that the deed was genuine; that he saw William Bowles, of Jackson county, sign it; that he signed it as a witness, and saw the two other witnesses also sign it as such, and that the last time he saw it, it was as it is now.

The defendant introduced no testimony, but the jury found for him, and the question is, should that verdict stand, or is it unsupported by the law and the evidence?

We think that the initial of the middle name is immaterial. Coke on Littleton, 3a; 1 Ld. Raymond R., 562; 5 Johnson, 84; 1 Hill, 102; 12 Peters, 456; 14 *Id.*, 322; 27 Tex., 503; 25 Ill., 255, cited by plaintiff in error.

The presumption is that the alteration was made before the deed was executed, unless the deed is denied on oath. 45 *Ga.*, 544, and cases there cited. In the case at bar, it is true the signature to the deed appears to have had the " R," the initial letter of a middle name, erased, as well as the same letter in the body of the deed, which looks strange; but, then, the genuineness of the deed and the *factum* of its execution is clearly proved by the witness sworn in the case, and that is enough. 58 *Ga.*, 590, last part of opinion in *Hill vs. Nisbet, trustee.* The question was the identity of the man. Did that Bowles, the grantee of the land from the state, sell to Radford and make this deed? The only circumstance of suspicion is the obliteration of the letter "R;" and where the genuineness of the deed is proved beyond question by the witness who attested it in 1838, and when that fact, together with the immateriality in general of that middle initial letter, or the middle name itself, is considered, it becomes plain that the verdict is

contrary to law, and without evidence enough to support it.

See also cited by plaintiff in error, 44 Ver., 413; Code of Georgia, §§2853, 2852; 62 *Ga.*, 5 : ; 13 Me., 3 o 6.

It follows that the new trial should have been granted.

Judgment reversed.