SWICARD *v.* HOOKS *et al.*, administrators.

1. In ejectment, the plaintiff having put in evidence a plat and grant from the State, of the premises in dispute, dated December 2, 1825, to John Mills, of Washington county, and having offered a deed, dated February 11, 1826, from John Mills jr., of Washington county, to plaintiff's lessor to the same land, reciting that it was granted to John Mills on December 2, 1825, and this deed being objected to because not accompanied by any evidence that John Mills jr. was the person who drew the lot, and because of no evidence of its delivery, it not reciting that it was signed, sealed and delivered, its admission with the requirement that plaintiff prove that it came from the proper custody and that the possession had been consistent therewith, was not error.

2. There was sufficient proof as to the deed coming from the proper custody.

3. Whether John Mills was the same person as John Mills jr., was a question of fact for the jury; and it was error to direct a verdict for the plaintiff.

June 2, 1890.

Ejectment. Evidence. Practice. Deeds. Verdict. Before Judge BOWER. Decatur superior court. November term, 1889.

Action of ejectment, brought October 25, 1887. One demise was from H. B. and H. M. Hooks, as adminis-

trators of Hillary Hooks, and the other from John Mills. The real defendant was M. Swicard, who pleaded not guilty and prescription. For the other facts now material, see the decision.

　D. A. RUSSELL, by J. H. LUMPKIN, for plaintiff in error.

　No appearance *contra.*

BLANDFORD, Justice.

The plaintiff put in evidence a plat and grant from the State to the premises in dispute, dated December 2 1825, to John Mills, of Washington county. He offered in evidence a deed from John Mills junior, of Washington county, to Hillary Hooks, of the same county, to the land in dispute, the deed reciting that the land was granted to John Mills on December 2, 1825. This latter deed was dated February 11, 1826. The defendant objected to its admission because not accompanied by any evidence that John Mills junior was the man who drew the lot. The objection was overruled, and the court held that the plaintiff would have to prove that it came from the proper custody and that the possession had been consistent therewith. We think the court was right in admitting this evidence, under the decision of this court in *Clements* v. *Wheeler*, 62 *Ga.* 53; in which case it was held that "The grant from the State to the premises in dispute having issued to Christopher Day, and there being in evidence a deed from his administrator, and also a deed of prior date from Christopher P. Day, it was not error to charge the jury that if the two names designated one and the same person, the grant would apply to that person. Although there was no direct evidence on the question of identity, the jury had before them one or more relevant circumstances on which to pass, and it was their province to determine their effect." See also *Iridgen* v. *Green*, 80 *Ga.* 737.

The plaintiff then offered in evidence a letter dated May 9th, 1887, addressed to Mr. John I. Robinson, and signed H. B. Hooks, administrator on estate of Hillary Hooks, stating: "I received your letter advising me to commence suit at once. I send you the deeds. Employ the attorney to manage the matter as you think best. Have the deeds recorded and send me a receipt for them. Hope to hear from you and your counsel soon." Plaintiff's counsel testified that Robinson brought him the deeds and represented himself to be the agent of the administrator, but witness did not of his own knowledge know that he was the agent, except from what he said; that he had the deeds and delivered to witness the letter from the administrator with the deeds. He does not know the handwriting in the letter, but has other letters from the administrator in the same handwriting. The administrator is his client, and in correspondence with him as his attorney, witness received these letters in reply to his in reference to the case. Witness wrote to H. B. Hooks, the acting administrator, and received these letters in reply, and Robinson is a friend of Hooks. Witness never saw Hooks write. The court held that this proof was sufficient as to the deed coming from the proper custody, and admitted it over objection. We think there was no error in this. There was much evidence introduced to show adverse possession on the part of the defendant and those under whom he claimed.

The court directed a verdict for the plaintiff; and in this we think the court erred. Whether John Mills was the same person as John Mills junior, was a question of fact to be determined by the jury, and the court should not have directed a verdict, but should have left this fact to the jury.        *Judgment reversed.*