CHESHIRE *v.* THE MILBURN WAGON COMPANY.

1. The process describing the defendants as "Cheshire & Mc-Cullough," and the declaration describing them as "N. H. Cheshire and —— McCullough, partners doing business under the firm name and style of Cheshire & McCullough," and the return of service by the sheriff being, "Served the defendant N. S. Cheshire, of the firm of Cheshire & McCullough, with a copy of the within, personally; the defendant —— McCullough not to be found in Fulton county," the middle initial S. in the return should be treated as a clerical error; and thus treating it, the legal significance of the return is that the defendant N. H. Cheshire, of the firm of Cheshire & McCullough, was served. This being so, the return, until traversed and falsified, is conclusive evidence that he was served.

2. The suit was a valid one against the partnership of Cheshire & McCullough, the omission of the given name of McCullough being amendable, both in the declaration and in the return of *non est inventus.* Consequently, a valid judgment therein could be rendered against the firm and against the partner served.

May 2, 1892. By two Justices.                           *Judgment affirmed.*

Service. Amendment. Judgment. Before Judge MARSHALL J. CLARKE. Fulton superior court. March term, 1891.

An execution in favor of the Milburn Wagon Company against Cheshire & McCullough and N. H. Cheshire, was levied upon certain land as the property of N. H. Cheshire. He filed an affidavit of illegality upon the grounds : (1) there was no suit brought against the firm of Cheshire & McCullough, nor any process directed to the copartners making said partnership, nor service upon either of the copartners; (2) there was no service of all the partners, nor return of not to be found as to any of them; (3) affiant was not served and did not appear and answer to said cause; (4) the judgment from which the *fi. fa.* issued was rendered without service upon affiant, or his appearance and answer therein. Plaintiff in *fi. fa.* traversed the affidavit of illegality, and there was a verdict in favor of plaintiff. Cheshire moved

for a new trial, which motion was overruled, and he excepted. In addition to the general grounds of the motion, it was alleged that the court erred in charging: "The record of the case in favor of the Milburn Wagon Company against Cheshire & McCullough is a valid suit in favor of that plaintiff against a partnership of the style of Cheshire & McCullough." This charge was alleged to be erroneous because the record of the suit in evidence showed a suit against a partnership of which one of the partners, —— McCullough, was not named in the suit, and as to whom by name there was no return of *non est inventus* in the services of process, thereby holding that the suit was such an one as that a valid judgment could be therein rendered against affiant as a member of the partnership of Cheshire & McCullough. The declaration alleged that "N. H. Cheshire and —— McCullough, partners doing business under the firm name and style of Cheshire & McCullough" were indebted, etc. upon an account. Process was prayed, requiring Cheshire & McCullough and N. H. Cheshire and —— McCullough to be and appear, etc. The process was headed, "The Milburn Wagon Company *vs.* Cheshire & McCullough," and stated that the defendants were required, etc. The return of service was made March 15, 1884, and was of service upon "the defendant N. S. Cheshire, of the firm of Cheshire & McCullough," personally, and "the defendant —— McCullough not to be found in Fulton county." The judgment was against defendants Cheshire & McCullough, and N. H. Cheshire individually.

Also, error in charging: "If it should appear from the evidence that there is a return of service by the sheriff as to the affiant N. H. Cheshire, it would be your duty to find against the affidavit of illegality. The reason for that is, that it would not be a proper mode of attack upon that return. The proper way to have

assailed it would have been by a traverse of it.   On the other hand, if you find that there was no return of the sheriff as to service upon affiant, and you should further find from the evidence that the affiant was not in fact served, then as to this second ground in the affidavit of illegality, your verdict should be favorable to the affiant. Now you gentlemen perceive at once, that in order to act intelligently at this point you must have some rule by which you can determine what is the true meaning of the sheriff's return, that is, the return which has been introduced in evidence.   I instruct you that if in this return this affiant is described by the initial of his first name, the return must be regarded by you as relating to him.   The commission of an error as to the initial of his middle name, by the officer making the return, would be of no consequence, the middle name of a man not being material in law."

CANDLER & THOMSON, for plaintiff in error.
BLALOCK & BIRNEY and C. W. SMITH, *contra.*