21548.   CROWE *v.* THE STATE.

720

DECIDED FEBRUARY 16, 1932.

*T. H. Fort, George C. Palmer,* for plaintiff in error.

*B. H. Chappell, solicitor, W. H. Young Jr.,* contra.

LUKE, J. C. E. Crowe was found guilty on an accusation containing twelve counts, each charging him with the offense of taking interest at a rate greater than five per centum per month, in violation of § 700 of the Penal Code (1910) and of § 3444 of the Civil Code (1910). He excepts to the judgment overruling his demurrer

to the accusation, and to the judgment overruling his amended motion for a new trial.

The first count charged "that the said C. E. Crowe, on the 20th day of July, in the year 1929, in the county aforesaid, did then and there unlawfully, and with force and arms, reserve, charge, and take for a loan and advance of money and forbearance to enforce the collection of a sum of money, to wit, the sum of ten dollars ($10.00), a rate of interest greater than five (5) per cent. per month by way of commission for advances, discount, exchange, the purchase of salary and wages, and by contracts and contrivances and devices to the solicitor of the city court of Columbus unknown, from Hattie Franklin, for which sum of money, to wit, ten dollars ($10.00), the said C. E. Crowe did charge and take interest thereon at the rate of three dollars ($3.00) per calendar month, which amounted to thirty per cent. per month, contrary to the laws of said State, the good order, peace, and dignity thereof." The other eleven counts are in substantially the same language, except that they relate to the same amount of interest exacted on the same loan for each of the eleven months following next after the date set out in the first count.

The demurrer attacks the accusation (1) as charging no offense, (2) as lacking in definiteness and certainty, (3) as being repugnant, in that it charges both a loan and the purchase of salary or wages, (4) as charging only the purchase of salary and wages, (5) as not concluding in the language prescribed by law for indictments and accusations, (6) because the "contrivances and devices" referred to as being unknown to the solicitor are not set forth, (7) because the contracts in question are not more fully set forth, (8) because each count contains a misjoinder of offenses, in that each charges both the taking of a criminal rate of interest and the purchasing of salary and wages, without putting the accused on sufficient notice as to which charge he is called upon to meet, and (9) because it does not sufficiently appear that the one sum of money mentioned in the accusation was connected with any loan.

In addition to the usual general grounds, the motion for a new trial complains of several parts of the charge of the court as given to the jury, of the refusal to give several requested instructions, of the court's examination of a witness and refusal to declare a mistrial on the ground that such examination was improper, of the

admission of evidence relating to similar transactions between the accused and persons other than the one named in the accusation, of several rulings relating to the admission and exclusion of evidence, and of several motions to declare a mistrial, based on what counsel for the accused deemed improper arguments by the solicitor to the jury. The amendment to the motion for a new trial consists of sixty-seven pages of typewritten matter, and contains fifty special assignments of alleged error.

Other facts of record, so far as necessary to a proper understanding of the case, appear in the headnotes or will appear in the course of the opinion.

■ Each count of the accusation states the offense in the language of § 3 144 of the Civil Code (1910), shows the date and venue of the offense, designates the person to whom the loan was made, sets out the amount of the loan and the amount of monthly interest charged and taken thereon, thereby showing that the rate of interest was greater than five per cent. per month, and concludes with the words, "contrary to the laws of said State, the good order, peace and dignity thereof." The accusation was, therefore, clearly sufficient to withstand all the demurrers urged against it. See Park's Penal Code, § 954, and notes.

■ There was evidence tending to show that the accused did business at three different places in the city of Columbus, using a different business or trade name at each place, one name being "Cook Investment Company," another "Union Investment Company," and the third "Columbus Trading Company;" that he was in direct charge of one of these places, and employed one Wimberly Williams to carry on the business of "Cook Investment Company," all of the places being engaged in the same kind of business; and that he had, both in person and through his employee, Williams, made a number of small loans to different people, charging and taking from each borrower a rate of interest substantially the same as that alleged to have been charged and taken from Hattie Franklin. All of the transactions referred to in the evidence fell within substantially the same period of time. The accused claimed that he had neither made nor authorized any loan to be made to Hattie Franklin, but had merely purchased from her an undivided interest in her salary account with her employer. He introduced in evidence writings signed by Hattie Franklin and tending to corroborate

his claim with respect to the nature of the transaction between them. But while the Franklin woman admitted signing the writings, she further testified to facts tending to show that the real inwardness of the transaction was substantially as set forth in the accusation; that the writings were only a part of the lender's device for covering up the usury charged; and that what the lender, acting through his employee, Williams, actually intended to do, and did do, was to charge and take the sum of three dollars per month for an advance or credit of ten dollars, so doing for a period of twelve months, thereby collecting $36.00 interest on a $10.00 loan without reducing the amount of the principal debt as claimed by him. The only question arising from the evidence and the defendant's statement was one of fact, and was for determination by the jury. The verdict of the jury, having the approval of the trial judge, can not be disturbed by this court.

3. The fifty special grounds of the motion for a new trial have been examined; and no one of them, in so far as it is complete and understandable within itself and without reference to other grounds or other parts of the record, or in so far as it presents any question for decision, shows any reversible error. The special grounds of the motion are sufficiently dealt with in the headnotes.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*