## 27135. THOMPSON *v.* THE STATE.

DECIDED NOVEMBER 10, 1938.

*C. E. Anderson,* for plaintiff in error.

*G. C. Dekle Jr., solicitor, G. C. Anderson,* contra.

MacINTYRE, J. ■ According to the record, the copy of the accusation and the copy of the affidavit upon which it was based, which were attached to the motion in arrest of judgment, there was nothing irregular as to the name of the defendant, he being always named as John Thompson in each of these papers. However, the copy of the accusation, which is elsewhere sent up in the record, discloses that the defendant is named twice in each of the three counts, and the first time in each of the three counts the defendant's name is spelled J-o-h-n T-h-o-m-p-s-o-n, and the second time in each of the three counts the defendant's name is spelled J-o-h-n T-h-o-m-s-o-n. There was no plea of misnomer in this case.

After conviction it was too late to attack the accusation because of a misnomer of the defendant. *Pulliam* v. *Donaldson,* 140 *Ga.* 864 (80 S. E. 315).

■ "While an error in the name of the defendant in the indictment can only be taken advantage of by a plea in abatement, yet an error in the names of the prosecutor, or of third parties, where the name is material, is fatal at common law." 1 Wharton's Crim. Ev. (10th ed.), 285, § 94. Moreover, "Idem sonans means of the same sound. . . The rule in idem sonans is, that the variance is immaterial unless it is such as misleads the party to his prejudice." Id. 290, § 96. Should the names in the accusation and the names proved by idem sonans be conflicting and the difference be in "spelling only, the variance would be immaterial. Thus, Segrave for Seagrave; McLaughlin for McGloflin; Chambles for Chambless; Usrey for Userry; Aughron for Autrum; Benedetto for Beniditto; Whyneard for Winyard, pronounced Winnard; Petris for Petries, the pronunciation being the same; Hutson for Hudson, form no variance." 1 Wharton's Crim. Proc. (10th ed.), 213, § 161.

■ The act creating the city court of Millen requires: "That defendants in criminal cases in said city court shall be tried on written accusation setting forth plainly the offense charged, founded upon the affidavit of the prosecutor." Ga. L. 1912, p. 262, § 31. The affidavit upon which the accusation in the instant case was based was made by the prosecutor for the purpose of procuring the warrant, and charged that the defendant "did commit the offense of a misdemeanor," and the accusation in three counts charged the defendant with committing a misdemeanor. The first count charged the operation of an automobile without a license. The second count charged the operation of an automobile with only one front light or lamp·burning. The third count charged the operation of an automobile without a rear lamp that was burning and in operation. After conviction, a motion in arrest of judgment was made on the ground that the accusation was not sufficient to support the affidavit. This motion was overruled, and exception was taken. This exception is not meritorious. *Frazier* v. *State,* 11 *Ga. App.* 261 (75 S. E. 10); *Brown* v. *State,* 109 *Ga.* 570 (34 S. E. 1031); *Surrels* v. *State,* 113 *Ga.* 715 (39 S. E. 299); *Hunter* v. *State,* 4 *Ga. App.* 579 (61 S. E. 1130); *Williams* v. *State,* 107 *Ga.* 693 (33 S. E. 641).

■ ■ The city court of Millen convened on Monday, April 18, 1938, this being the regular day for the convening and holding of that court. The defendant was tried on Tuesday of the same week. The business of said court was finished on Wednesday, and the jurors were dismissed. The judge states that the following occurred: "The court announced that the docket would be called [meaning the appearance docket, although he did not expressly so state] on the following Saturday, and it was called, and it was then deemed that the court was at an end for the said term. No written order was made adjourning said court, it having been the custom to call the docket on Saturday, and that being held to be the last day of the court. This motion for new trial was presented on Friday, April 29, 1938, or six days after the court thought it had adjourned." Based upon the above-stated facts, the court decided that having announced the call of the appearance docket on Saturday, and having called said docket on that day, Saturday, April 23, 1938, this ipso facto caused the adjournment of the court on that day, in view of the fact that the act creating the city court of Millen declares that "the judge shall call the appearance docket on the last day of each term." (Ga. L. 1912, pp. 245, 256, § 18), and therefore that the motion for new trial was presented too late, that is, after the adjournment of the term. The solicitor, in his brief, contends that "since this provision of law was carefully carried out by Judge Strickland, it was not necessary for anything more to be done in order to adjourn that term of court." It should be noted that the judge did not order the adjournment of his court, nor did he expressly announce either orally or in writing that the court was or would be adjourned. The statement in the act "that the judge shall call the appearance docket on the last day of each term" is not mandatory, but is discretionary. The use of the word "shall" does not always make the statute mandatory. "The word may be construed to be directory wherever the public interest or right is concerned. Courts have inherent power to control the times of adjournment, or to extend the terms as the business of the court may require; and this power should not be restricted, unless it is clear that it was the legislative intent that it should be. And where it might injuriously affect the public interest to construe the terms of a statute as imperative, such construction will not be adopted, if it can be avoided." *Horkan* v. *Beasley*, 11 *Ga. App.*

273, 276 (75 S. E. 341). "'After a general term of the superior [city] court has been organized by the presiding judge and put into operation, the term continues until finally adjourned by the presiding judge or by the operation of some provision of law.'" *Mathis* v. *Crowley,* 146 *Ga.* 749 (92 S. E. 213); *Luke* v. *Luke,* 158 *Ga.* 103 (123 S. E. 716).

Where the act creating the city court of Millen declares that "the judge shall call the appearance docket on the last day of each term" (Ga. L. 1912, pp. 245, 256, § 18), the mere fact that the judge announced that the docket [meaning the appearance docket but not expressly so stating] would be called upon the following Saturday, and it was called on that day, did not ipso facto adjourn the said court as of that day. This provision of the act is directory. We do not think that the legislature intended to take away from the presiding judge the inherent right to control the adjournment of his court and prevent his calling the appearance docket on a day previous to the last day of the term, if he thought it was in the public's interest so to do. Therefore the court was not finally adjourned on Saturday, April 23, 1938, by reason of the fact that the appearance docket was called on that day. *Liverpool &c. Ins. Co.* v. *Peoples Bank,* 143 *Ga.* 355, 361 (85 S. E. 114); *Mathis* v. *Crowley,* supra; see *Luke* v. *Luke,* 32 *Ga. App.* 738 (124 S. E. 556); *Hill* v. *Cox,* 151 *Ga.* 599 (107 S. E. 850). The judge erred in deciding that his court had adjourned before the defendant presented his motion for a new trial. Therefore, the judgment refusing to entertain the motion for a new trial, on the ground that it was not presented in time (during the term), was erroneous. The judgment is therefore reversed, and the court below is directed to entertain the motion for new trial as of April 29, 1938, the day it was duly presented, and to consider the same in accordance with the law in such cases made and provided.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*