28291. WILLIAMS *v.* THE STATE.

DECIDED JUNE 13, 1940.

*John H. Hudson,* for plaintiff in error.

*Bond Almand, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

MacIntyre, J. Cora Jones, alias Williams, was convicted under the Code, § 26-6502, of the offense of operating, maintaining, and carrying on a lottery. Her certiorari was overruled, and she excepted. The method of operating the lottery in the instant case was in effect the same as that in *Cutcliff* v. *State,* 51 *Ga. App.* 40 (179 S. E. 580). The defendant contends that the evidence did not authorize her conviction. It appears from the testimony of the arresting officer that he went to the defendant's home and she was allegedly sick in bed. He found three yellow tickets in the bed with the defendant and "underneath where she was lying," and all bore the date of January 10, 1939, which was the same date as that on which the arrest was made. The tickets were typical lottery tickets, having the initials of the "writer" in the right-hand corner, and the initials of the person playing or purchasing the ticket in the left-hand corner, and elsewhere on the ticket was the number chosen, a three-digit number, followed by the number indicating the amount of money played. On the floor and under the bed were other tickets pertaining to lottery. Other officers corroborated the testimony of officer Vining. A negro man named Henry Morrow was sitting in a chair facing this bed, and he had in his hand a lottery book and some tickets. The defendant, in attempting to explain her possession as innocent, stated that somebody ran through her room and threw the tickets on the bed, and that she did not know anything about them. The State introduced evidence of another accusation on a previous date, to which the defendant had plead guilty, for the purpose of showing state of mind, knowledge, and intent; and the judge charged the jury that it was introduced for that purpose alone. The evidence, though circumstantial, was sufficient to authorize a conviction and to exclude every other reasonable hypothesis save that of the guilt of the accused. See *Morrow* v. *State,* 62 *Ga. App.* 718 (9 S. E. 2d, 699).

The defendant made a motion to declare mistrial, on the ground that the judge erred in admitting in evidence a previous accusation in which Cora Williams had pleaded guilty, on May 6, 1937, to the

charge of operating a lottery. It appears from the evidence that lottery tickets were found underneath the defendant who was lying in bed at the time the officers went to her house. In her statement she admitted that the tickets were in her bed, but claimed that "a boy ran through the house and throwed the paper on the bed, . . and that's all I know." In other words, she claimed that her possession was innocent. This raised a question as to her *knowledge,* intent, and motive. "It is frequently said that evidence of other crimes is admissible to . . rebut a defense based upon evidence tending to show an absence of knowledge." *Phillips* v. *State,* 51 *Ga. App.* 675, 678 (181 S. E. 233) ; Sykes *v.* State, 112 Tenn. 572 (82 S. W. 185, 105 Am. St. R. 997). Under the facts in this case, in order to rebut a defense raised by the defendant in her statement to the jury that the lottery tickets had by another person been left in her bed which she was then occupying, and that she did not know that the tickets were there, the State could introduce other transactions of a similar character which would tend to show the true nature of the transaction in question and to support the State's claim that the defendant knew that the tickets were in her bed, and that she was participating in the lottery known as the "number game." *Fitzgerald* v. *State,* 51 *Ga. App.* 636 (181 S. E. 186) ; *Phillips* v. *State,* supra. The judge properly instructed the jury that this evidence was admissible solely for the purpose of showing the state of the defendant's mind. This ground is without merit. See *Lewis* v. *State,* 57 *Ga. App.* 340 (2) (195 S. E. 285) ; *Guthas* v. *State,* 54 *Ga. App.* 217 (2) (187 S. E. 847) ; *McMichen* v. *State,* 62 *Ga. App.* 60 (7 S. E. 2d, 749).

The defendant complains that there was no proof that Cora Williams, the person named in the former accusation introduced in evidence, was the same Cora Williams named in the present accusation. The present accusation charges "Cora Jones, alias Williams," with the offense of misdemeanor. The former accusation, which was introduced in evidence, charged "Cora Williams" with the offense of misdemeanor. "Generally speaking, identity of names is prima facie evidence of identity of persons." *Shuler* v. *State,* 125 *Ga.* 778, 782 (54 S. E. 689). In her statement the defendant did not deny the name of Cora Williams, which appeared in the accusation and to which the officers had referred. The former accusation filed in 1937, and the plea of guilty thereon,

were not inadmissible for this reason. *Smith* v. *State*, 11 *Ga. App.* 89 (4) (74 S. E. 711).

Another ground of the petition for certiorari complains of the court's admitting in evidence certain lottery tickets which the officers testified were found underneath the defendant in her bed and on the floor in the room where she was in bed. There was no objection to the admission of these tickets when tendered in evidence, and the defendant can not now complain.

Another ground complains of the judge's charge on the question of "other transactions," instructing the jury that they should consider such evidence only for the purpose of determining the defendant's state of mind on the subject involved. The accusation dated 1937, with the plea of guilty thereon, were properly admitted, as above decided and the charge was proper. This ground is without merit. Furthermore, this charge was for the benefit of the defendant, and was not subject to the criticism urged. See *Crowe* v. *State*, 44 *Ga. App.* 719 (6) (162 S. E. 849); *Norman* v. *State*, 44 *Ga. App.* 92 (8) (160 S. E. 522).

In misdemeanor cases (lottery) one of the approved forms of charging the jury is as follows: If under the instructions I have given you you believe from the evidence in the case beyond a reasonable doubt that the defendant (Cora Jones, alias Williams) in the County of ————, State of Georgia, did commit the offense charged against her on the date named in the accusation, or at any time within two years before the filing of the accusation, then you would be authorized to find her guilty. However, where there has been a conviction on a "general charge" (lottery) within the two years preceding the filing of the accusation, the judge should charge the jury that the defendant could not be convicted of any of the prohibited acts charged in the present accusation which were committed before the time of the filing of the former accusation on which he had been convicted. *Kemp* v. *State*, 16 *Ga. App.* 251 (85 S. E. 90). In the instant case the judge was but stating the law generally as to the time within which the offense, misdemeanor (lottery), must be proved, to wit, two years; and then he was stating hypothetically that if certain facts existed, the present case was an exception to the two-year rule, in that the State could not go back the full two years, but was limited in its proof, under the present accusation, to the time of the filing of the former accusa-

tion, which was less than two years before the filing of the present accusation. The judge's charge did not express an opinion that the defendant on trial was the same person who had been previously convicted on the former accusation.

The defendant contends that the instant case is controlled by the decision in *Bailey* v. *State*, 60 *Ga. App.* 556 (4 S. E. 2d, 409). That case is clearly distinguishable from the instant case. There the tickets were found in the room, and the defendant was married and living with her husband, leaving the reasonable hypothesis that the tickets belonged to her husband. In the instant case the defendant was unmarried, and was at home when the tickets were in effect found on her person. This contention is not meritorious. The judge did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*