28759. LOWE v. THE STATE.

DECIDED FEBRUARY 7, 1941.

Russell G. Turner, for plaintiff in error.

Bond Almand, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw, contra.

GARDNER, J. The defendant was convicted of the offense of lottery. His petition for the writ of certiorari was sanctioned, and on the hearing the certiorari was overruled. The defendant excepted. By agreement it was admitted that a lottery known as the "number game" was in operation at the time the defendant was arrested, and the manner of its operation was stipulated. Because of general knowledge as to these matters they will not be detailed

here. The defendant was arrested in the rear of his house after the officers had seen him remove two or three things from a rubbish heap and put them in his pocket and pick up from the ground a lottery book which he placed in his pocket and which was taken from him. The book contained regular tissue sheets retained by "writers" engaged in the enterprise. The sheets were undated. The officer testified that the defendant stated that he had written a portion of the tickets the day he was arrested and the others the previous day. The defendant in his statement denied that he had written any tickets or that he had made any such statement to the officer, and contended that he had picked up the book for another purpose.

The defendant assigns error on the general ground that the evidence was insufficient in law to sustain the verdict. For this reason the judgment is attacked from several angles in assignments (a), (b), (c), (d), (e), (f). The evidence warranted the verdict. See *Jones* v. *State*, 61 *Ga. App.* 623 (7 S. E. 2d, 81); *Morris* v. *State*, 61 *Ga. App.* 623 (7 S. E. 2d, 88): *Coppedge* v. *State*, 59 *Ga. App.* 358 (1 S. E. 2d, 43); *Williams* v. *State*, 62 *Ga. App.* 679 (9 S. E. 2d, 697). Ground (g) is abandoned. Ground (h) complains that the court failed to charge the three elements of gaming, namely, (1) chance, (2) consideration, and (3) prize. Under the facts of this case there is no merit in this contention. The court charged the Code section on which the charge was based, and in the absence of a special written request this was sufficient. The charge was predicated on the Code. § 26-6502. Ground (i) is without merit. Ground (j) is abandoned.

Ground (k) complains, in substance, that the court erred in failing to charge that the State must prove that the crime was committed by the defendant within two years from the date of the return of the accusation. Obviously the charge of the court, as revealed by the record, was not read very carefully, for the court charged: "If you believe beyond a reasonable doubt that this defendant on the second day of April, 1940, or upon any other date within two years immediately preceding the finding and filing of this bill of indictment, did keep, maintain, and operate a lottery, known as the 'number game,' for the hazarding of money and as charged in this bill of indictment, then you would be authorized to find him guilty."

We do not mean in this connection that it would have been error, under the facts of this case, without a proper request, to fail to charge as complained, but we mention it to emphasize how wholly without merit is this assignment.

*Judgment affirmed.   Broyles, C. J., and MacIntyre, J., concur.*