39408.   WEATHERS v. MODERN MASONRY
MATERIALS, INC.

Decided April 10, 1962.

*Poole, Pearce & Hall, Martin H. Rubin, Richard P. Perry,* for plaintiff in error.

*Howard & Storey, Robert W. Storey,* contra.

JORDAN, Judge. ■ It is contended in the special grounds of the motion for new trial that the court erred in directing a verdict for the plaintiff, since there were issues of fact adduced upon the trial which should have been submitted to the jury, and that the evidence would have authorized the jury to find a different verdict from that directed.

Under the provisions of *Code Ann.* § 110-104, the trial judge can direct a verdict only "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict. . ." "In any case where the evidence may be subject to more than one construction, or where more than one inference may be drawn, even from undisputed facts, the duty of solving the mystery should be placed upon the jury." *Marshall v. Woodbury Banking Co.,* 8 Ga. App. 221 (68 SE 957).

It was necessary for the plaintiff, in order to recover in the instant case, to prove that the contractor had absconded, as alleged in its petition, since the plaintiff had not commenced suit against said contractor for the recovery of the amount of its claim within 12 months from the time that the same had become due. *Code Ann.* § 67-2002(3). In this regard the evidence disclosed that the contractor, shortly after the plaintiff's claim against him became due, closed his office (the office telephone being disconnected and statements mailed to said office by the plaintiff being returned by the post office) and that thereafter neither the plaintiff corporation through its agents nor the defendant property owner was able to locate him. This evidence, though not in dispute, was wholly circumstantial; and, while such evidence, under the attendant facts and circumstances of this case, tended to establish "in some appreciable degree" the conclusion claimed by the plaintiff (i.e., that the contractor had absconded) and thus required the submission of the question of its sufficiency to the jury, it cannot be said such evidence demanded a finding for the plaintiff on this issue as a matter of law. See *Georgia Ry. &c. Co. v. Harris,* 1 Ga. App. 714 (57 SE 1076). This being a

question for determination by the jury, the trial court erred in directing a verdict in favor of the plaintiff corporation, and the defendant therefore is entitled to a new trial.

■ The evidence in this case, which disclosed that the defendant property owner had contracted with Nelson, the contractor, to build a structure on the subject property and that the plaintiff materialman had sold certain materials in the amount of $1,511.11 (said amount of materials furnished being within the contract price) to the contractor which were used in the construction agreed upon by the defendant and said contractor, was clearly sufficient to show that contractual relations existed between the defendant and the contractor, by virtue of which the material sold to the contractor by the plaintiff was furnished. *Jones v. Traynham*, 20 Ga. App. 349 (93 SE 154); *Central of Ga. R. Co. v. Shiver*, 125 Ga. 218, 221 (53 SE 610); *Marshall v. Peacock*, 205 Ga. 891 (55 SE2d 354); *Hill v. Dealers Supply Co.*, 103 Ga. App. 846 (120 SE2d 879). Accordingly, the trial court did not err in denying the defendant's motion for a judgment notwithstanding the verdict, which was grounded upon the contention that the evidence did not show the existence of such contractual relations between the parties as would bind the defendant property owner in this action.

*Judgment affirmed in part, reversed in part. Nichols, P. J., and Frankum, J., concur.*