### 39784.   WEATHERS v. MODERN MASONRY MATERIALS, INC.

DECIDED NOVEMBER 15, 1962.

*Poole, Pearce & Hall, Martin H. Rubin,* for plaintiff in error.
*Howard & Storey, Robert W. Storey,* contra.

HALL, Judge.   1.   Plaintiff's witnesses testified that Nelson's office address was 70 Fourth Street; that after their first bills became past due they tried to contact Nelson by telephoning and visiting his office, and were unable to contact him or anyone else at his office; that they tried but were unable to find out where he lived; that they called the defendant by October 1960, and both defendant and his wife were unable to tell them how to find him.   Disregarding hearsay, this is practically the same evidence as was before this court on the previous appearance of this case, when the court held that the evidence, though circumstantial, was sufficient to take the case to the jury on the question of plaintiff's claim.   *Weathers v. Modern Masonry Materials, Inc.,* 105 Ga. App. 736, 737 (125 SE2d 532).   It is therefore the law of the case that the defendant is not entitled to a new trial on the general grounds or to a judgment notwithstanding the verdict.

2.   Special ground 4 of the motion for new trial complains

that the trial court excluded from evidence an original petition in another suit filed in the Civil Court of Fulton County with return of service of process thereon showing that B. F. Harris, Deputy Marshal, personally served "Raymond Nelson Ind. D/B/A Sou. Ins. & Supply Co. 70 - 4th St." on August 15, 1960. The plaintiff objected to the document as irrelevant, "in that there is no showing that the defendant is the same party that has absconded in this case," and in that the date shown on the return is not "material as to the date of abscondence in this case." The petition in this case alleges that the name of the contractor is Raymond P. Nelson. The evidence shows his office address as 70 Fourth Street. We note that plaintiff's witness referred to him as Raymond Nelson and some of the plaintiff's documentary evidence shows his name as Raymond Nelson.

In *Clements v. Wheeler*, 62 Ga. 53, 58, deeds offered as proof of title to land were involved. There was a grant from the State to Christopher Day, and a deed recorded later from Christopher P. Day. In the opinion Justice Bleckley stated, "There was no direct evidence that Christopher and Christopher P. were the same person, but both were of Chatham County, and perhaps there were other relevant circumstances tending to establish their identity. It was the province of the jury to determine the effect of all." This and the similar case of *Swicard v. Hooks,* 85 Ga. 580 (11 SE 863) are authority for holding that the excluded evidence should have been admitted. See also *Banks v. Lee,* 73 Ga. 25; *Cheshire v. Milburn Wagon Co.,* 89 Ga. 249 (15 SE 311); *Williams v. State,* 62 Ga. App. 679 (9 SE2d 697); *Enzor v. State,* 63 Ga. App. 79 (10 SE2d 213); *Thompson v. State,* 58 Ga. App. 679 (199 SE 787).

Plaintiff's second objection is that service on the contractor on August 15, 1960, six months before the suit was filed, is not relevant to the issue whether the contractor had absconded before plaintiff filed his suit. Since in the previous decision, which has become the law of this case, the court held that circumstantial evidence relating to the contractor shortly after the plaintiff's claim became due, which was more than six months before the suit, tended to establish that the contractor had absconded, it necessarily follows that the evidence excluded was relevant to the question of whether or not he had absconded.

Ground 6 complains of the exclusion of Deputy Marshal B. F. Harris' testimony that on August 15, 1960, he personally served Raymond P. Nelson with process in Fulton County, Georgia. Mr. Harris had testified that he knew a man by the name of Raymond P. Nelson. We would surmise from the record and from plaintiff's brief that the defendant offered this testimony to prove the same fact that the return of service which the trial judge excluded could have proved—that the marshal served Raymond P. Nelson (whose name was written "Raymond Nelson" in the return of service) on August 15, 1960. For the reasons stated above, this testimony should have been admitted.

The trial court erred in overruling grounds 4 and 6 of the motion for new trial.

3. Ground 5 complains of the exclusion from evidence of a petition in still another suit in the Civil Court of Fulton County with return of service of process thereon showing that on September 26, 1960, a deputy marshal "Served the defendant Southern Insulation & Supply Co., a corporation, at 70 - 4th St. N. W., by leaving a copy of the within action and summons with Mr. Nelson, agent in charge of the office and place of doing business of said corporation in Fulton County, Georgia. . ."

In the absence of evidence that the alleged contractor Raymond P. Nelson had any connection with the corporation named in this return of service, or that the alleged individual contractor was the same Mr. Nelson served as agent of the corporation, we are of the opinion that the trial judge did not err in excluding this evidence. A name "has been defined as the word or combination of words by which a person is distinguished from other individuals" and "consists, in law, of a given or Christian name, and a family surname . . . The Christian or first name . . . has been used from early times to distinguish a particular individual from his fellows . . . Consequently, it has always been considered an essential part of a person's name . . . The prefix 'Mr.' . . . is no part of a person's name but is a mere title." 38 Am. Jur. 594, § 2 et seq.; 65 CJS 2, § 2 et seq.

The trial court did not err in overruling ground 5 and the general grounds of the motion for new trial, nor in overruling the motion for judgment notwithstanding the verdict.

*Judgment reversed for the reasons stated in Division 2. Carlisle, P. J., Nichols, P. J., Bell, Frankum, Jordan, Eberhardt, and Russell, JJ., concur. Felton, C. J., dissents.*

FELTON, Chief Judge, dissenting. I dissent from the judgment affirming the overruling of the plaintiff in error's motion for a judgment notwithstanding the verdict. The evidence on the first appeal on the question of absconding was very weak. The evidence that there was an absconding, on the second trial, was weaker and, in my opinion, insufficient to prove the fact of absconding. On the first trial it was proved that the **contractor's** office was *closed*. There is no such proof on the second trial. Below in the left column is the evidence on the question of an absconding in the former trial. In the right column is the evidence on that subject in this case. Omitting the hearsay statements as to what Mr. and Mrs. Weathers could tell and that the brickmason was unable to find the contractor the only evidence of an absconding is that efforts to communicate with the contractor by mail, by telephone and by visits to his office were unsuccessful. The purpose of the law authorizing judgments notwithstanding verdicts is to end litigation, whether it is big or little. The evidence in this case is not sufficient to authorize a finding that the contractor absconded and the defendant is entitled to be relieved of the trouble and expense of trying the case again.

I think the motion for a judgment notwithstanding the verdict should have been granted.

Former Trial.
Case No. 39408

Plaintiff's general manager and salesman testified: "After the first bills became past due, we tried to contact Mr. Nelson at his office and by telephone and then by visits to his office and we were unable to locate him." (R-17-18)

"We were not able to have any contact with anyone at his office or to find out where he resided." (R-18)

"I talked to Mrs. Weathers on several occasions at the building after they were open and doing business and she gave me Mr. Nel-

Instant Case.
Case No. 39784

Plaintiff's general manager and salesman testified: "After the first bills became past due we tried to contact Mr. Nelson at his office and by telephone and then by visits to his office and we were unable to locate him." (R-26)

"We were not able to have any contact with anyone at his office or to find out where he resided." (R-26)

Plaintiff's vice-president testified that they sent Mr. Nelson statements and then called Mr. Weathers (the defendant) by October,

son's home phone. which we tried to reach him through this phone number which she gave us and never an answer." (R-22)

Plaintiff's vice-president testified that they sent Nelson bills in May, June and August and didn't hear from any of them, and tried to locate him by calling his home (R-27) his recollection was that some of the bills were returned by the post office (R-27) that there was no answer to calls made to Mr. Nelson.

". . . We tried very hard to locate Nelson and we weren't able to find him." "Mr. O. L. Anglin, who was a mason for Mr. Nelson and who actually put some of our brick into that job, was trying to locate Mr. Nelson at the same time and I discussed the problem with him—that is, of collecting this money—and he wasn't able to locate him either." (R-28) "After we filed our lien, I talked to Mr. Weathers and Mrs. Weathers to try to collect the money and find out where Nelson was, and neither of them was able to direct me where I could find Mr. Nelson." "Were you ever able to find any clue as to where he might be living once his office was closed? No, sir." (R-29)

Defendant testified that he tried to reach Nelson after he got in trouble but couldn't find him. (R-40)

1960. "Mr. and Mrs. Weathers both were unable to tell me how to find him." O. L. Anglin, the mason, was trying to find Mr. Nelson and was unable to. (R-31)

Defendant testified that after he learned of the filing of the lien he tried to find Nelson but didn't recall whether he talked to him about it or not. (R-23, 24)

"I found him as late as September; in fact, I was in the bank with him. . . That was the last time "I talked to him personally." "I borrowed some money to pay him." I talked to him over the telephone . . . a month or two months after that and never saw him again or tried to find him again." (R-22-23) (R-34)