114 Ga. App. 306 (1966)
151 S.E.2d 168
NICKOLAS
v.
THE STATE.
42228.
Court of Appeals of Georgia.
Submitted September 12, 1966.
Decided September 20, 1966.
B. Clarence Mayfield, for appellant.
Andrew J. Ryan, Jr., Solicitor, Tom A. Edenfield, for appellee.
NICHOLS, Presiding Judge.
The defendant was tried and convicted in the City Court of Savannah on an accusation for the offense of maintaining and operating a scheme and device for the hazarding of money known as "bolita" in Chatham County. Defendant's motion for new trial, on the usual general grounds, was overruled. Defendant appeals and files his enumeration of errors consisting of three grounds: "1. That the court erred in overruling and denying plaintiff in error's motion for a new trial on the grounds stated therein. 2. The court erred in admitting over objection a cigar box with June, 1965 printed thereon. 3. The court erred in failing to charge the jury there are three elements necessary to constitute the crime with which the defendant is charged which are consideration, chance and a prize." Held:
1. Where, as in the present case paraphernalia in the form of tally sheets were found in the possession of the defendant and the arresting officers identified same as lottery tickets, the same as would be used and expected to be found in the possession of one engaged or participating in the writing or selling of "bolita," it cannot be said that the evidence did not authorize the verdict.
2. Under the decision of the Supreme Court in Whippler v. State, 218 Ga. 198, 202 (126 SE2d 744), the court did not err in admitting into evidence, over objection, the cigar box found in the possession of the defendant, containing the paraphernalia (tally sheets or records) that the arresting officers identified as lottery tickets, on which box appeared the date of the month and year that such paraphernalia represented.
*307 3. In the absence of a timely written request, there was no error in the failure of the judge, after having charged generally the statute (Code § 26-6502) covering the crime with which the defendant was charged to fail to go further and charge that it was necessary to prove a consideration, a chance, and a prize, as the three necessary elements to constitute the offense. See Johnson v. State, 64 Ga. App. 334 (13 SE2d 116); Lowe v. State, 64 Ga. App. 336, 337 (13 SE2d 104).
Judgment affirmed. Hall and Deen, JJ., concur.