### 46535.  SEARS v. THE STATE.

PANNELL, Judge. The defendant appellant was charged "with the offense of keeping and maintaining a gambling house for that the said accused on the 25 day of January in the year 1969, in the county aforesaid, did then and there, unlawfully and with force and arms, by himself, servants, agents, keep, have, use, and maintain a gaming house and room, and in a house, place, and room occupied by him permit persons to come together

with his knowledge and play for money and other things of value at games and devices for the hazarding of money and other things of value contrary to the laws of said State, the good order, peace, and dignity thereof." He was tried and convicted and his motion for new trial was overruled whereupon he appealed to this court. *Held:*

1. Where one is so indicted it is not error to fail to charge the law relating to carrying on a lottery as to the elements of consideration, prize and chance, in the absence of a timely written request to do so. *Nickolas v. State,* 114 Ga. App. 306 (151 SE2d 168); *Johnson v. State,* 64 Ga. App. 334 (13 SE2d 116); *Lowe v. State,* 64 Ga. App. 336 (13 SE2d 104).

2. Enumeration of error number 2 is that the "court erred in that it did not adequately charge the law relating to the offense of operating a gambling house (T-81, T-82)." The only "argument" presented in support thereof is as follows: "The court, whether requested or not, should give to the jury appropriate instructions on every substantial issue in the case presented by the evidence and a failure to do so is a cause for a new trial. The controlling issues of a case should be charged even though not requested." Several cases were cited. The enumeration of error, even when coupled with the references to the record and the "argument" in the brief is insufficient to present any question to this court for review.

3. The evidence as to venue, though conflicting, was sufficient to authorize a finding that the alleged crime was committed in the county charged.

4. Where, as here, the indictment covered not only the keeping of a gaming house, but knowingly permitting persons to come together and play for money at prohibited games in a house or room occupied by the accused, and where the evidence discloses a single instance of gaming, but no more than one, a conviction could be had under the indictment whether this constituted the house a gaming house or not. *Bell v. State,* 92 Ga. 49 (1) (18 SE 186). The evidence was amply sufficient to authorize the conviction under the indictment, and no error otherwise appearing, the judgment overruling the motion for new trial is affirmed.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

ARGUED SEPTEMBER 8, 1971—DECIDED SEPTEMBER 17, 1971.

*Stow, Garvin & Glenn, James A. Glenn, Jr.,* for appellant.
*Jeff C. Wayne, District Attorney, J. Nathan Deal,* for appellee.