## PRIDE *v.* THE STATE.

1. Where a defendant is indicted upon a given state of facts for robbery by force and by intimidation, and goes to trial and is convicted by the jury, and afterwards moves the court for a new trial, which is granted, it is competent for the State, without entering an order of nolle prosequi upon the indictment, to prefer a second indictment against him, involving the same transaction, charging him in the second instance with robbery by force as defined by the amending act of 1903.
2. Under the Penal Code, § 151, as amended by the act of August 6, 1903 (Acts of 1903, p. 43), a sudden snatching or taking of money, with intent to steal, from the owner or person in possession or control thereof, without the consent of the owner or person in possession or control thereof, is robbery by force and punishable as prescribed in the Penal Code, § 152.

3. The credibility of the witness was a question for the jury. The evidence supports the verdict, and no sufficient reason appears for reversing the judgment of the court below.

Argued June 18,—Decided July 2, 1906.

Indictment for robbery. Before Judge Roan. Fulton superior court. May 5, 1906.

*Robert L. Rodgers,* for plaintiff in error.

*Charles D. Hill, solicitor-general,* contra.

ATKINSON, J. 1. The questions made in the 5th and 7th grounds of the motion for new trial relate to a plea in abatement and the pendency of an older indictment based upon the same transaction. In the case of *Irwin* v. *State,* 117 *Ga.* 706, it is held, that, "in a criminal proceeding, the pendency of a former indictment for the same offense is no ground for a plea in abatement or in bar, although the accused may have been arraigned thereon and have filed a plea." It is also ruled in that case, that "where several indictments for the same offense are pending against the same person, it is immaterial upon which he is first tried." The rulings quoted virtually control the case at bar. It is true that in *Irwin's* case the record discloses that the case did not proceed further than the filing of the defendant's plea of not guilty, while in the case at bar the record discloses the fact that the defendant filed his plea of not guilty, and that his case was fully submitted to a jury and a verdict was rendered against him and a motion for new trial was granted. The fact that the motion for new trial was made by the defendant defeats the plea of former jeopardy and avoids any distinction between the case at bar and *Irwin's* case, supra. The defendant goes into jeopardy twice, but it is upon his "own motion," and this brings the case within the exception prescribed by §11 of the Penal Code, where it is provided that "no person shall be put in jeopardy of life or liberty more than once for the same offense, *save on his or her own motion for a new trial, after conviction, and in case of mistrial."* The defendant having sought the opportunity of going into jeopardy the second time for the same offense, it is competent to put him in jeopardy again, but there is no constitutional or statutory requirement that he should in the second instance be tried upon the same indictment. In such case he would stand as if there had been no previous trial or former jeopardy. As ruled in *Irwin's* case, there may be any number of in-

dictments for the same offense, and it would be immaterial upon which he was tried. See also, in this connection, *McGee* v. *State,* 97 *Ga.* 360; *Taylor* v. *State,* 110 *Ga.* 150(2), 152-153.

2. It is urged, under the general grounds, that the evidence which only shows a sudden snatching or taking of money from the person of another, with intent to steal the same, as alleged in the indictment, does not authorize a conviction of robbery by force and a punishment for that offense. These points are covered by the ruling of Mr. Justice Evans in the opinion this day handed down in the case of *Pride* v. *State,* ante, 748, where the demurrer to the indictment in the case at bar was under consideration. There it was held that robbery by snatching is robbery by force and the penalty is that which the law prescribes for robbery by force.

3. It is contended by the defendant that the testimony of the main witness for the State is so much at variance with her testimony as delivered upon a former trial of the case as that it is not entitled to credit and would not authorize a verdict against the defendant. The credibility of witnesses is always a question for the jury. The evidence supports the verdict, and no sufficient reason appears for reversing the judgment of the court below.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*