## 1955.  WALTERS *v.* THE STATE.

A case of cheating and swindling under the "labor-contract act" of 1903 was not made out by the evidence; and the conviction was therefore un-authorized.

Accusation of cheating and swindling, from city court of Amer-icus—Judge Crisp.  May 11, 1909.

Submitted July 14,—Decided July 31, 1909.

*W. T. Lane,* for plaintiff in error.

*Zach. Childers, solicitor,* contra.

POWELL, J.  The State's testimony was that in the year 1908 the defendant was working for the prosecutor, and in December of that year made an oral contract with him to labor as a cropper throughout the year 1909.  During December, 1908, the defendant .obtained from the prosecutor small sums of money aggregating

$14.25. When the year 1909 arrived, the defendant refused to enter upon his duties as a cropper, and denied that he had made any contract with the prosecutor. We may pass by the question whether the alleged contract between the parties was void under the statute of frauds, since it was not to be performed within a year and no performance under it had ever taken place (Civil Code, §§2693 (5), 2694); and still the conviction was unauthorized, since the case falls within the ruling made in *Fuller* v. *State,* 2 *Ga. App.* 696 (59 S. E. 1). The only evidence that the defendant received any advances upon his contract to work in 1909 is the following statement of the prosecutor: "I advanced to defendant on 1909 contract at three different times in Sumter county, Georgia,—December 6, $4; December 15, $6, and 23d, $4.25—aggregate amount of $14.25." It was held in the *Fuller* case that for the prosecutor to testify that he "advanced" money on the contract was opinionative and without evidentiary value. The writer of this opinion dissented from that view and now dissents from it; but of course the opinion of the majority is controlling until the former decision is reversed or overruled. This case presents the point even stronger than it was presented in that case. It is to be kept in mind that at the time these sums of money were advanced to the defendant he was in the employ of the prosecutor under another contract; and the presumption would be that the money paid him during this period was on the contract then in process of execution; and it would be necessary for the prosecutor to make it plain that the money was paid and received on the future contract, before the defendant could be held liable. The law looks rather to the defendant's state of mind in procuring the money than to the state of the prosecutor's mind in paying it.

Besides, the evidence of the defendant's guilt is very weak and unsatisfactory, and the verdict does not have that unequivocal approval of the trial judge which is legally essential to its finality. In his order overruling the motion for a new trial the judge says: "The issue in this case being one of fact, the jury having passed upon, the court does not feel authorized to interfere with it; therefore, a new trial is hereby refused and denied." If the judge meant to say that the verdict of the jury had convinced his mind and conscience of the defendant's guilt, the approval is sufficient; but if he meant to say that he did not have the power to set it aside

or that there was no duty upon him to set it aside if his mind and conscience were not convinced of the defendant's guilt, then the approval is insufficient.　Before the verdict of the jury becomes final it should, where the defendant requires it by a motion for a new trial, receive the approval of the mind and conscience of one more man—the trial judge.　Until all thirteen, the twelve jurors and the judge, agree upon the prisoner's guilt, his conviction is not legally final.　The finding of the jury is not binding on the judge.　It may be and for the most part should be highly persuasive upon him; but he is authorized to set it aside, and indeed is under the duty of doing so if he does not approve it as a finding of fact.　This principle has been decided too often to require citation of authority.　　　　　　　　　　　　　*Judgment reversed.*