## 12940. ROBINSON v. THE STATE.

1. An indictment for receiving stolen goods, which alleged the owners of the goods to be "Audley Hill & Company, a corporation," is sufficiently supported by proof that the goods belonged to Audley Hill Company, the evidence showing that both these names were applied to the same concern.
2. Although the indictment against the principal alleged that the larceny was committed on December 2, and the indictment against the accessory alleged that the stolen goods were received by him on December 4, and the proof showed that the larceny was committed on the latter date, this does not show that the principal "committed two acts of larceny," and that the accessory had been convicted of the one with which the principal had no connection. The time alleged in an indictment is immaterial, provided it is within the period fixed by the statute of limitations for the particular offense for which the accused is being tried.

DECIDED DECEMBER 13, 1921.

Conviction of receiving stolen goods; from city court of Richmond county — Judge Black. September 15, 1921.

*W. H. Fleming,* for plaintiff in error.

*W. I. Curry, solicitor,* contra.

BLOODWORTH, J. Plaintiff in error was convicted of receiving stolen goods. The evidence authorized the verdict. The grounds of the amendment of the motion for a new trial are all amplifications of the general grounds. There is no merit in any of the contentions embraced in these grounds of the motion, and we will discuss only two of them. It is insisted that the verdict is without evidence to support it because: (1) "The ownership of the goods alleged to have been received by defendant, knowing them to be stolen, is described in the indictment as follows: 'The property of Audley Hill & Company, a corporation,' whereas the evidence shows there was no such corporation in existence as Audley Hill & Company," but the corporate name is Audley Hill Company. A witness testified that the goods belonged to Audley Hill & Company; that at the time the goods were stolen he was driving "one of the wagons of Audley Hill & Company," and that he "went back to Audley Hill & Company's warehouse." Under the evidence in this case no other conclusion can be reached that that the two names were applied to the same corporation. The contention of plaintiff in error that the difference in name between Audley Hill & Company and Audley Hill Company is a fatal variance is settled

against him by a number of decisions of the appellate courts of this State. "An indictment for larceny after trust charging that the accused, after having been entrusted with money for the purpose of paying it to 'Dudley-Butts Lumber Co.,' fraudulently converted the same to his own use, is sufficiently supported by evidence showing that the money which the accused converted was intended for payment to 'Dudley-Butts Sash, Door and Lumber Co.,' it appearing that the two names were applied to the same corporation, and that it was as well known by one name as the other. 'The question is one of the identity of the party, . . and not merely one of the identity of a name.' *Jackson* v. *State*, 76 *Ga.* 568; *Rogers* v. *State*, 90 *Ga.* 463." *Smith* v. *State*, 121 *Ga.* 618 (49 S E. 677). See also *Edwards* v. *State*, 121 *Ga.* 590 (3) (49 S. E. 674); *Edwards* v. *State*, 24 *Ga. App.* 653 (101 S. E. 766), and citations.

2. The fact that the indictment in this case alleged the commission of the crime of receiving stolen goods as having been committed on December 4, and the indictment against the principal alleged that the goods were stolen on December 2, is no proof that the principal "committed two acts of larceny," nor that the goods received by the accused in this case were not the same goods stolen by the principal. The proof that the allegations in the two indictments referred to the same goods came from the principal, who swore: "I admit I stole the goods (the goods described in the indictment against the accused in this case). I was tried for stealing these goods and am now serving a sentence on the chain-gang." It is a fundamental principle of our penal law that the State, in making out its case, is not confined to the day named in the indictment, but may prove the commission of the offence at any time prior to the return of the indictment, provided the time proven is within the statute of limitations for the particular offense for which the accused is being tried. *Cole* v. *State*, 120 *Ga.* 485 (2) (48 S. E. 156).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*