### 13305.  WILLIAMSON *v.* THE STATE.

There was no fatal variance between the indictment and the proof as to the marking of the bale of cotton alleged to have been stolen, where the indictment alleged that the bale was marked F. G. C. Co. to D. C. Co., and the proof showed that it was marked F. G. Co. to D. C. Co. The charge of the court on this point was not violative of the statute forbidding the expression or intimation of an opinion by the court to the jury as to what had or had not been proved.

There was ample evidence to support the verdict, and the motion for a new trial was properly overruled.

DECIDED APRIL 11, 1922.

Indictment for larceny; from Toombs superior court — Judge Hardeman. December 12, 1921.

*C. W. Sparks, A. C. Saffold,* for plaintiff in error.

*Walter F. Grey, solicitor-general,* contra.

BLOODWORTH, J.   Only the first headnote needs elaboration. The indictment in this case charged in part that the accused " did wrongfully and fraudulently take and carry away, with intent to steal the same, one certain bale of short-staple cotton, being bale No. 39, marked F. G. C. Co. to D. C. Co., being the property of Dixie Cotton Company, a corporation under the laws of Georgia. and of the value of $154.00, and being in the custody and control of the Georgia and Florida Railroad at Normantown, Ga., and the United States railroad administration. " The proof showed that the bale of cotton was really marked F. G. Co. to D. C. Co. The judge charged the jury that if they believed " that the defendant took the bale of cotton described in this indictment, and it was in the custody and control of the railroad company as alleged; and it was the property of the Dixie Cotton Company as alleged, and he took it and carried it away with intent to steal the same, yet if the jury should believe that the words of description on the bale of cotton

varies with that in the indictment to the extent that the letter 'C' was not on the bale of cotton in the words F. G. C. Co., that would not amount to a fatal variance, and the jury would be authorized to convict, in the event they should find all of the material allegations, as I have defined to you in this indictment, to be true." This charge is alleged to be erroneous because: (a) "Said charge was confusing and misleading." (b) "The court entered the province of the jury and expressed an opinion on the facts in said case, and on what had or had not been proven." (c) "The court in said instructions took from the jury the right to find and determine the question as to whether or not there was a fatal variance between allegata and the proof." (d) "The court in the instructions herein set out charged the jury that as matter of law there was not a fatal variance between the allegata and the proof."

For none of the foregoing reasons was the charge erroneous. See, in this connection, *Bernhard* v. *State*, 76 *Ga.* 613 (5); *Warren* v. *State*, 12 *Ga. App.* 695 (3) (78 S. E. 202); *Robinson* v. *State*, 27 *Ga. App.* 770 (1) (109 S. E. 922); *Adams* v. *State*, 21 *Ga. App.* 152 (94 S. E. 82); *Ayers* v. *State*, 3 *Ga. App.* 305 (1) (59 S. E. 924); *Rivers* v. *State*, 57 *Ga.* 28.

    *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*