## 47836. MARCHMAN v. THE STATE.

QUILLIAN, Judge. The defendant appeals to this court from a judgment of the Spalding Superior Court entered upon a jury verdict of guilty of theft by taking.

In this court, the defendant makes the following enumerations of error: (1) There was a fatal variance between the allegations in the indictment and the proof adduced on trial with regard to the description of the stolen property. (2) The evidence was

insufficient to show beyond a reasonable doubt that the serial number on the stolen property was the same as that contained in the indictment. (3 & 4) The evidence did not exclude the reasonable hypothesis that the defendant was innocent of the offense charged. (5) The court erred in failing to charge with regard to whether the value of the property was in excess of $100. (6) That the court erred in charging with regard to recent possession of stolen items. (7) The statement by the court "this is a felony offense" was error and amounted to a direction that a felony had been committed. *Held:*

1. The indictment charged that the defendant did "unlawfully and with force and arms take and carry away one Narvo Avionics, Mark 16 Nov./Com., Serial No. 11FM7, of the value of $850, the property of a corporation to-wit: Air Comm Engineering, Inc."

On the trial of the case the following testimony was given with regard to the identification of the stolen items. Mr. Fincke, a witness for the State, stated "This is an aircraft transmitter communications receiver. It is model Mark 16, made by Narco National Aeronautical Company in Pennsylvania." Mr. Fincke gave the serial number of the radio as "11FM7." Mr. Fincke also testified that Narco stands for National Aeronautical Radio Corporation." There was testimony by Mr. Good, a State's witness, that the serial number of the radio he obtained from the defendant was 11FM7 and that the radio was a Narco Mark 16 radio serial number 11FM7.

The state argues that the insertion of the "v" instead of "c" in the indictment was a clerical error; that the doctrine of idem sonans should be applied. *Biggers v. State,* 109 Ga. 105, 106 (34 SE 210); *Lovett v. State,* 9 Ga. App. 232 (1) (70 SE 989), as well as the wider view expressed in *Wilson v. State,* 67 Ga. App. 404, 405 (20 SE2d 433), to-wit: that in a homicide the important issue is the identification of the person and not the identification of the name. The doctrine of idem sonans is normally utilized only with regard to similar personal names (*Webb v. State,* 149 Ga. 211 (1) (99 SE 630)), but even if it were applicable to property which is the subject of larceny, it would have no force here since Narvo and Narco are not words having a similar sound. Black's Law Dictionary (4th Ed.) p. 880; *Thompson v. State,* 58 Ga. App. 679, 680 (199 SE 787); *Roland v. State,* 127 Ga. 401, 402 (56 SE 412).

The State contends that we should follow *Williamson v. State,* 28 Ga. App. 470 (111 SE 683), where the indictment identified a bale of cotton as being "No. 39, marked F. G. C. Co. to D. C. Co." and

the proof on the trial showed that the bale was marked "F. G. Co. to D. C. Co." The court held that it was not incorrect for the trial judge to charge that this was a jury issue.

However, in a long line of cases both this court and the Supreme Court have held that if an indictment sets out the offense as having been done in a particular way the proof must show it without variance. " 'If a necessary allegation is made unnecessarily minute in description, the proof must satisfy the descriptive as well as main part, since the one is essential to the identity of the other.' " *McLendon v. State,* 121 Ga. 158 (48 SE 902). See *Key v. State,* 84 Ga. App. 599, 601 (66 SE2d 773); *Fulford v. State,* 50 Ga. 591, 593. The only exception occurs where the indictment contains mere surplusage. *Hardrick v. State,* 98 Ga. App. 649, 652 (106 SE2d 342).

In *Youngblood v. State,* 40 Ga. App. 514, 515 (150 SE 457), it was alleged that a railroad car was broken into which was described as "marked Frisco No. 130476." The proof adduced at the trial failed to show that the word Frisco was marked on the car and the court held that there was a fatal variance. In *Wright v. State,* 52 Ga. App. 202 (182 SE 862), the indictment described a stolen automobile as having the motor number "P. E. 5369" and the proof showed that the motor number of the vehicle was "P. C. 5369." This was held to be a fatal variance between the allegata and the probata. There are other decisions adopting the same rationale. See for example *March v. State,* 120 Ga. App. 46 (169 SE2d 615) involving a license number different from the indictment, and *Watts v. State,* 123 Ga. App. 371 (181 SE2d 88) where the model year of the car did not coincide.

We can see no valid distinction between the variation in a serial number or in the date or in the license number of an automobile and a variation in the name of an object or the trade name thereof. We cannot take judicial notice that there is no such thing as a Narvo Avionics any more than we can take judicial notice that there is a Narco Avionics. The only basis for an exception to the rule of a fatal variance occurs where the stolen item is identified as being the same as the one in the indictment. See *Sloan v. State,* 68 Ga. App. 92, 93 (22 SE2d 333). In this case no such identification was made. For, the proof offered did not show that the stolen equipment was the same as that described in the indictment. Hence the judgment must be reversed.

2. The defendant urges that the evidence was insufficient to sustain the verdict because the circumstantial evidence was as

susceptible to the inference of defendant's innocence as to his guilt.

"While proof of recent possession of stolen property [unexplained] would authorize a conviction, yet proof of possession of stolen property, which is not recent, would not alone authorize a conviction, but it is a circumstance which may always go to the jury, and in a circumstantial evidence case, such as the instant case, the recent possession plus other incriminatory circumstances, all of which are sufficient to comply with the circumstantial evidence rule for conviction in criminal cases, will authorize a conviction." *Harper v. State,* 60 Ga. App. 684 (1) (4 SE2d 734). See *Wakefield v. State,* 76 Ga. App. 271, 273 (45 SE2d 675); *McAfee v. State,* 68 Ga. 823.

Here, the surrounding circumstances in conjunction with the defendant's possession of the stolen item was sufficient to authorize the jury to convict him of the offense charged.

3. The defendant assigns as error the following portion of the charge "now, ladies and gentlemen, this is a felony offense." When taken in connection with the entire charge, the portion complained of did not tend to state as a matter of law that a felony had been committed or that the value of the property was in excess of $100.

4. We have considered the remaining enumerations of error and find them to be without merit.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*

ARGUED JANUARY 3, 1973 — DECIDED APRIL 6, 1973 — REHEARING DENIED MAY 1, 1973.

*Weiner & Bazemore, Paul S. Weiner, Terrell E. Abernathy,* for appellant.

*Ben J. Miller, District Attorney,* for appellee.