### 49543. MARCHMAN v. THE STATE.

STOLZ, Judge.

The defendant was indicted by the Spalding County Grand Jury on one count of theft by taking "one Narvo Avionics, Mark 16 Nov/Com., Serial No. 11 FM7" radio on February 8, 1972. The defendant was subsequently tried and found guilty. On direct appeal that conviction was reversed by this court on the grounds that there was a fatal variance between the allegata (Narvo radio described in the indictment) and the probata (the Narco radio referred to in the evidence) and there was no proof to show that the stolen radio was the same as that described in the indictment. See *Marchman v. State,* 129 Ga. App. 22 (198 SE2d 425). Thereafter, the defendant was reindicted for theft by taking — this latter time for "one Mark 16 Narco Aircraft radio with the number 11-FM7 stamped thereon." The defendant was subsequently tried, convicted and given a one-year sentence.

1. The defendant enumerates as error the overruling of his plea of former jeopardy (plea of autrefois acquit). Essentially, the defendant's position is that his reindictment and retrial are barred (1) under the provisions of Art. I, Sec. I, Par. VIII of the Constitution of 1945 (Code Ann. § 2-108) and the provisions of the Fifth Amendment to the Constitution of the United States, and (2) under the provisions of Ga. L. 1968, pp. 1249, 1267 (Code Ann. § 26-507 (b)).

One of the most comprehensive discussions of the law in this area is found in *Gully v. State,* 116 Ga. 527 (42 SE 790). There, the defendant was indicted, tried and acquitted of contracting a bigamous marriage with "Gussie Shingler." The evidence on trial showed that, while there was a person named "Gussie Shingler," the

defendant's bigamous marriage was contracted with her sister, "Bessie Shingler." The Supreme Court held that the acquittal would not bar a subsequent prosecution for bigamy under an indictment charging that, on the same date as that named in the first indictment, the accused committed bigamy by contracting an unlawful marriage with "Bessie Shingler." In so holding, the court made the following analysis: "In the present case the first indictment charged an unlawful marriage with Gussie Shingler. The proof showed that there was such a person as Gussie Shingler. But whether this was so or not, under the first indictment there could not have been a legal investigation in reference to an unlawful marriage by the accused to any other person than the one named in the indictment. Evidence of a marriage by the accused with Bessie Shingler would not have been admissible under the first indictment. While the offense charged in each indictment is the same in general terms, that is, bigamy, an unlawful marriage to a particular person is an essential element in this offense, and the allegation and the proof in reference to this person must correspond. The offenses charged in the two indictments are not, therefore, identical. In the absence of any evidence at all, the indictments on their face show that they could not involve the same transaction. In the light of the evidence that Gussie Shingler and Bessie Shingler were separate and distinct persons, the view is strengthened that it was impossible under the first indictment to investigate the subject of a marriage by the accused with any other person than the one therein named. It is immaterial whether we apply the same-transaction test or the same-evidence test; the finding against the special plea was proper . . . It is immaterial what the pleader intended when the indictment was drawn. It is also immaterial what the grand jury intended when they found the first indictment. It is immaterial that both the pleader and grand jury had in mind but one marriage, and that the indictment intended to charge that this marriage was contracted. Under the indictment as it was framed, no other transaction could have been properly the subject of a legal investigation than an unlawful marriage between the accused and Gussie Shingler. An unlawful

marriage with Bessie Shingler was a separate and distinct transaction from the alleged marriage between him and Gussie Shingler. The finding against the plea of former acquittal was demanded by the evidence offered to support the same." *Gully,* supra, p. 532.

In the case before us, the defendant was first indicted, tried and convicted of theft by taking a *Narvo* aircraft radio. He successfully urged the fatal-variance rule in this court by showing that the proof on trial showed the property involved to be a *Narco* aircraft radio. This court in its opinion noted that we could not take judicial notice that there was no such thing as a Narvo radio any more than that there was a Narvo radio. In the first indictment, the defendant was charged with stealing a Narvo aircraft radio. Evidence involving any other type of radio, would have been inadmissible and irrelevant unless connected with that charged in the indictment, pursuant to *Sloan v. State,* 68 Ga. App. 92, 93 (22 SE2d 333). Here, the variance was held fatal at the instance of the defendant. Thus, there was no trial on the merits and the defendant is not entitled to the protection of the jeopardy clause. If the rules were otherwise, the defendant could, on the one hand, urge the fatal-variance rule and win a reversal, and then later maintain that it was not fatal at all and claim former jeopardy. This is simply not the rule. See also *McLendon v. State,* 121 Ga. 158 (48 SE 902); *Smith v. State,* 185 Ga. 365, 367 (195 SE 144); *Hadden v. State,* 196 Ga. 850 (28 SE2d 71).

We now come to the problem presented when applying the factual situation sub judice to the provisions of Code Ann. § 26-507 (Ga. L. 1968, pp. 1249, 1267): "Effect of former prosecution (a) A prosecution is barred if the accused was formerly prosecuted for the same crime, based upon the same material facts, if such former prosecution (1) resulted in either a conviction or an acquittal; or (2) was terminated improperly after the jury was impaneled and sworn or, in a trial before a court without a [jury, after the first witness was sworn but before][1] findings were rendered by the trier of facts, or

---

[1] Words in brackets were omitted from the Act in the Annotated Code.

after a plea of guilty was accepted by the court. (b) A prosecution is barred if the accused was formerly prosecuted for a different crime, or for the same crime based upon different facts, if such former prosecution (1) resulted in either a conviction or an acquittal, and the subsequent prosecution is for a crime of which the accused could have been convicted on the former prosecution; or was for a crime with which the accused should have been charged on the former prosecution (unless the court ordered a separate trial of such charge); or was for a crime which involved the same conduct, unless each prosecution requires proof of a fact not required on the other prosecution, or the crime was not consummated when the former trial began; or (2) was terminated improperly, and the subsequent prosecution is for a crime of which the accused could have been convicted if the former prosecution had not been terminated improperly. (c) A prosecution is barred if the accused was formerly prosecuted in a District Court of the United States for a crime which is within the concurrent jurisdiction of this State if such former prosecution resulted in either a conviction or an acquittal, and the subsequent prosecution is for the same conduct, unless each prosecution requires proof of a fact not required in the other prosecution, or the crime was not consummated when the former trial began. (d) A prosecution is not barred within the meaning of this section (1) if the former prosecution was before a court which lacked jurisdiction over the accused or the crime; or (2) if subsequent proceedings resulted in the invalidation, setting aside, reversing, or vacating of the conviction, unless the accused was thereby adjudged not guilty or unless there was a finding that the evidence did not authorize the verdict. (e) Termination under any of the following circumstances is not improper: (1) The accused consents to the termination or waives, by motion to dismiss or other affirmative action, his right to object to the termination. (2) The trial court finds that the termination is necessary because (a) it is physically impossible to proceed with the trial; or (b) prejudicial conduct, in or outside the courtroom, makes it impossible to proceed with the trial without injustice to the

defendant; or (c) the jury is unable to agree upon a verdict; or (d) false statements of a juror on voir dire prevent a fair trial."

This statute had no predecessor in the Code of our state. It was enacted in 1968 as part of the Criminal Code of Georgia. "Section 26-507 deals with a wide range of situations when an accused is proceeded against a second time. The Constitution of Georgia protects a person against being put in jeopardy more than once for the same offense except on his motion for a new trial or in case of a mistrial. Subsection (a) of § 26-507 is designed to set forth a statutory implementation of this same principle. Such a statement, by being more precise and detailed than the constitutional provision, will more certainly assure the protection against double jeopardy and will also make administration of the provision more convenient and specific. Subsection (b) of § 26-507 embraces the concept of res judicata and is not a codification of a constitutional right. It is a protection against further prosecution of an accused who could have been and under the new section should have been prosecuted for both crimes at an earlier trial. Subsection (c) of § 26-507 is a new feature in the law of Georgia, in which it has long been held that double jeopardy provisions of the Constitution do not prohibit multiple prosecution for the same act if that act constituted an offense against more than one sovereign. Subsection (c) results in protection of the accused against prosecution by the State of Georgia if his act had previously resulted in prosecution by the Federal Government on the same terms as though the prior prosecution had been by the State of Georgia. Subsection (d) of § 26-507 makes it clear that an earlier prosecution which in reality was no prosecution because the court lacked jurisdiction will not constitute a bar. Also, further proceedings in a case are permissible and do not constitute a bar unless the proceedings at one time resulted in an adjudication that the accused was not guilty. Thus, a prisoner who obtains his release on habeas corpus, for example, because he was denied the right of counsel when originally convicted, may be prosecuted again as though no prior trial had

taken place. See, e. g., *Patton v. State,* 111 Ga. App. 853, 143 SE2d 518 (1965)." Committee notes to Code Ann. § 26-507. It will be noted that the committee notes do not undertake to further explain clause (d) (2) of § 26-507, that "[a] prosecution is not barred . . . if subsequent proceedings resulted in the invalidation, setting aside, reversing, or vacating of the conviction . . . *unless* there was a finding that the evidence did not authorize the verdict." In his first appearance before this court, the defendant urged (1) the fatal-variance rule, with which this court agreed, and (2) that the evidence was insufficient to sustain the verdict. *Marchman v. State,* 129 Ga. App. 22, supra. We do not deem it to be a sound legal position that in every case reversed under the fatal-variance rule it naturally follows that the evidence did not authorize the verdict. As stated by this court in *Marchman,* supra, p. 25, after holding that a reversal was required under the fatal-variance rule, "Here, the surrounding circumstances in conjunction with the defendant's possession of the stolen item was sufficient to authorize the jury to convict him of the offense charged." The defendant's first enumeration of error is not sustained.

2.  The defendant's enumerations of error 2, 3 and 4 are not argued and are deemed abandoned. *Rodriguez v. Newby,* 131 Ga. App. 651, 655 (206 SE2d 582) and cits.

3.  The defendant's fifth enumeration of error is to the denial of his challenge to the array of traverse jurors.

(a)  The defendant's contention that the traverse jury list is invalid because it was certified by only five of the six jury commissioners, is without merit. Code Ann. § 59-106 (as amended by Ga. L. 1973, pp. 484, 485) requires the performance of certain stated duties by the jury commissioners. The Code does not require a certificate. It does not require that *all* commissioners be present and participate when the commission acts. The evidence before us showed that at least five of the commissioners were present at all material times and all six were present most of the time.

(b)  The defendant next contends that the traverse jury list is illegal because of the systematic exclusion of persons between the ages of 18 and 21 years. Code Ann.

§ 74-104 (Ga. L. 1972, pp. 193, 194) made 18 years the age of legal majority in Georgia. Code Ann. § 74-104.1 (Ga. L. 1972, pp. 193, 199; 1973, p. 590) expresses the intention of Code Ann. § 74-104, supra. The effective date of these Code sections (March 10, 1972) is prior to the compilation of the aforesaid jury list (August 1972). These statutes have no effect on the issue presented to us. The uncontradicted evidence shows that the jury list was compiled from the voter registration list. Persons eighteen years of age have been qualified to vote in this state at least since the ratification of the Constitution of Georgia of 1945 (Art. II, Sec. I, Par. II; Code Ann. § 2-702). There is no evidence in the record which supports the defendant's position in this regard. The fifth enumeration of error is without merit.

4. The defendant's sixth enumeration of error goes to the following portion of the charge: "Now, the offense which this defendant stands accused before you is a felony offense." The basis for the enumeration is that Code Ann. § 26-1812 (Ga. L. 1968, pp. 1249, 1295; 1972, pp. 841, 842) provides that the offense of theft by taking is punished as for a misdemeanor unless and until the property which was the subject of the theft is proven to exceed $100 in value. Here, the undisputed evidence showed the value of the property to be over $100. Indeed, the defendant testified in explanation of his possession thereof that he paid $200 to a stranger for the radio. The sixth enumeration of error is without merit.

5. The defendant's seventh, eighth, ninth and tenth enumerations were argued together and will be treated herein collectively.

(a) The defendant's contention that there is again a fatal variance between the allegata and probata in that the indictment described the radio numbers "11-FM7" and the proof showed the numbers to be "11 FM7," is without substance. We regard the difference as being "de minimis" in the extreme and certainly no basis for a reversal of this case.

(b) The evidence supported the verdict. As we have noted previously hereinabove, "Here, the surrounding circumstances in conjunction with the defendant's possession of the stolen item was sufficient to authorize

the jury to convict him of the offense charged." *Marchman v. State,* 129 Ga. App. 22, supra, p. 25. The evidence presented on the second trial is substantially identical to that presented on the first trial. The conviction is not avoided by reason of the fact that the evidence would have also authorized a conviction of another offense (theft by receiving stolen property), with which he was not charged. The judgment of the trial court is affirmed.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*

ARGUED JUNE 27, 1974 — DECIDED SEPTEMBER 6, 1974 — REHEARING DENIED SEPTEMBER 24, 1974 — ▮▮▮

*Weiner & Bazemore, Paul S. Weiner, Terrell A. Abernathy,* for appellant.

*Ben J. Miller, District Attorney,* for appellee.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Richard L. Chambers, William F. Bartee, Jr., Assistant Attorneys General, John W. Dunsmore, Deputy Assistant Attorney General,* amicus curiae.