## 29453. MARCHMAN v. THE STATE.

UNDERCOFLER, Presiding Justice.

On February 8, 1972, appellant was indicted and subsequently convicted of theft by taking a radio on January 20, 1972, described as "one Narvo Avionics, Mark 16 Nov/Com., Serial No. 11-FM7." The proof showed the radio was a *Narco*. The Court of Appeals reversed the conviction because, ". . . the proof offered did not show that the stolen equipment was the same as that described in the indictment." *Marchman v. State,* 129 Ga. App. 22, 24 (198 SE2d 425).

On June 18, 1973, appellant was reindicted and subsequently convicted of theft by taking on January 20, 1973, "one Mark 16 Narco aircraft radio with the number 11-FM7 stamped thereon." Appellant filed a plea of former jeopardy. It was denied. The Court of Appeals affirmed holding in essence that on the first conviction, ". . . the variance was held fatal at the instance of the defendant. Thus, there was no trial on the merits and the defendant is not entitled to the protection of the jeopardy clause." *Marchman v. State,* 132 Ga. App. 677 (209 SE2d 88). We granted certiorari.

We reverse. "The 1968 Georgia Criminal Code has expanded the proscription of double jeopardy beyond that provided for in the United States and Georgia Constitutions. . . The first policy underlying the double jeopardy bar is to prevent harassment of the accused by successive prosecutions." *State v. Estevez,* 232 Ga. 316, 317, 318 (206 SE2d 475).

In keeping with this policy Code Ann. § 26-506 provides, "(b) If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except as provided in subsection (c). (c) When two or more crimes are charged as required by subsection (b), the court in the interest of justice may order that one or more of such charges be tried separately." Ga. L. 1968, pp. 1249, 1267. Under the facts of this case it is apparent that the crimes for which appellant has been prosecuted, if not the same, certainly

arose out of the same conduct and were known to the prosecutor.

The Court of Appeals reversed appellant's first conviction because the evidence did not authorize the verdict. If the prosecution here on appeal is for the same crime for which appellant was previously prosecuted it is barred by Code Ann. § 26-507 (d) which provides, "A prosecution is not barred within the meaning of this section . . . (2) if subsequent proceedings resulted in the invalidation, setting aside, reversing, or vacating of the conviction . . . unless there was a finding that the evidence did not authorize the verdict." Ga. L. 1968, pp. 1249, 1267. If the prosecution here is for a different crime it is barred by Code Ann. § 26-507 (b) which provides, "A prosecution is barred if the accused was formerly prosecuted for a different crime, or for the same crime based upon different facts, if such former prosecution (1) . . . was for a crime with which the accused should have been charged on the former prosecution (unless the court ordered a separate trial of such charge) . . ." Ga. L. 1968, pp. 1249, 1267.

*Judgment reversed. All the Justices concur, except Ingram, Hall and Hill, JJ., who dissent.*

ARGUED JANUARY 19, 1975 — DECIDED MARCH 4, 1975 — REHEARING DENIED MARCH 25, 1975.

*Paul S. Weiner,* for appellant.

*Ben J. Miller, District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.

*Lewis R. Slaton, District Attorney, Hinson McAuliffe, Solicitor, Carter Goode, Assistant District Attorney, Charles T. Shean, III, Johnny R. Moore,* amicus curiae.

HALL, Justice, dissenting.

I dissent to the sweeping, and, I am convinced, pernicious construction given by the majority opinion to Code Ann. § 26-507 dealing with former jeopardy. The result is that with respect to the evidence, the prosecutor must offer defendant a "perfect trial," or else defendant,

though convicted by a jury, goes totally free and may not ever be prosecuted again. If this was the intent of the General Assembly of Georgia, it has chosen to create a stunningly permissive and totally unprecedented result. I do not think the legislature has intended any such thing. In fact, I believe it is the legislature which will be stunned—with the majority opinion.

The law of Georgia prior to the adoption of the 1968 Criminal Code was clear that where a defendant sought a new trial by motion for new trial in the trial court or by direct appeal to the appellate court on the ground that the evidence did not support the verdict, and was successful, he forfeited any right to plead former jeopardy. *Staggers v. State,* 225 Ga. 581 (170 SE2d 430); *Pride v. State,* 125 Ga. 750 (54 SE 688); *Taylor v. State,* 110 Ga. 150 (35 SE 161). This is the general rule throughout the United States. Green v. United States, 355 U. S. 185; Annot., 61 ALR2d 1143; 21 AmJur2d 253, Criminal Law, § 209; 22 CJS 707, Criminal Law, § 275. However, Marchman's first appeal to the Court of Appeals, in which that court ruled that a fatal variance occurred, is now said to be a reversal on the ground that the evidence did not support the verdict; *and,* reversal having occurred on that ground, the double jeopardy provision is said to prohibit retrial. How has this result, diametrically opposed to the universal rule set out above, come about? The majority opinion says it must come about because Code Ann. § 26-507 has axed the universal rule. I would not so hold except upon clear and convincing language, which I do not find in this Code section.

The pertinent section (26-507 (d)) appeared in the Proposed Criminal Code of Georgia prepared by the Criminal Law Study Committee to revise the Georgia Criminal Law and that section, *as recommended by that committee,* stated that a second "prosecution is not barred within the meaning of this section . . . if subsequent proceedings resulted in the invalidation, setting aside, reversing, or vacating of the conviction unless the accused was thereby adjudged not guilty." The committee notes explaining the subsection state that "further proceedings in a case are permissible and do not constitute a bar unless the proceedings at one time resulted in an adjudication

that the accused was not guilty." The proposed Code (House Bill 5) was introduced in the House and came out of the House Judiciary Committee as a committee substitute. See House Bill 5, House Journal 1968, Vol. 1, p. 18. Among the numerous changes the following words were added at the end of the subsection, "or unless there was a finding that the evidence did not authorize the verdict." Id. pp. 27, 41. Did the General Assembly intend to radically change the law of former jeopardy in Georgia from that which it has been since our first code and from that proposed by Criminal Law Study Committee? Did the General Assembly intend to give criminals in Georgia rights that they will not find in other jurisdictions? Did they intend to make a motion for new trial on the general grounds a non sequitur and allow the grant to amount not to a "new trial" but to a guarantee of "no trial at all" — that is, a pardon? I respectfully submit they did not.

In construing the new Criminal Code we should not yield to the tyranny of literality or mechanical jurisprudence and thereby create our own verbal prison. Anything that is written may present a problem of meaning. "Legislation has an aim. . . That aim, that policy is not drawn, like nitrogen out of the air; it is evinced in the language of the statute, as read in the light of other external manifestations of purpose." Frankfurter, Some Reflections on the Reading of Statutes, 47 Col. L. R. 527, 538-539. Cardozo's admonition was that "the meaning of a statute is to be looked for, not in any single section, but in all the parts together . . ." Panama Refining Co. v. Ryan, 293 U. S. 388, 439. Learned Hand said that the judge's task is to "try as best he can to put into concrete form what [the common] will is, not by slavishly following the words, but by trying honestly to say what was the underlying purpose expressed." Hand, The Spirit of Liberty, 109 (1952 Ed.)

Our purpose is to determine the meaning of the words added to the Committee's recommendation. By applying the above principles of statutory construction, it is my view that those words were merely amplification of the underlying purpose expressed, i.e., that further proceedings were not permissible where the accused has been "adjudged not guilty." If the accused takes the

position that the evidence demands a finding of "not guilty," he may move under Code Ann. § 27-1802 (a) for a verdict of acquittal or not guilty. If the trial court erroneously fails to grant the motion, he may appeal. *Merino v. State,* 230 Ga. 604 (198 SE2d 311). And if the appellate court determines that the motion should have been granted, then "the evidence did not authorize the verdict"—the condition described by the added language in Code Ann. § 26-507—and only in those circumstances should retrial be barred. This construction, I believe, harmonizes history, the apparent legislative intent, and the actual words of the statute.

"It is important for appellate judges to remember that 'A defendant is entitled to a fair trial but not a perfect one, for there are no perfect trials.' Lutwak v. United States, 344 U. S. 604, 619 (73 SC 481, 97 LE 593); Bruton v. United States, 391 U. S. 123, 135 (88 SC 1620, 20 LE2d 476); Brown v. United States, 411 U. S. 223 (36 LE2d 208)." *Sanford v. State,* 129 Ga. App. 337 (3) (199 SE2d 560). A majority of this court interprets the Criminal Code as requiring a perfect trial on the evidence and as repealing the provisions of the law (Code § 70-202) for granting a motion for new trial on the general grounds. Under this construction, there will be no new trials on the general grounds, because if the general grounds are inadequate, the convicted defendant is, in effect, pardoned.

This defendant has had two trials and has been convicted by two juries. The evidence in both trials supports a finding that the defendant is guilty of theft by taking "One Mark 16 Narco Aircraft radio with the number 11-FM7 stamped thereon."

I vote to affirm the judgment of conviction.[1]

---

[1]Another problem I have with the majority opinion is its treatment of the variance question. In my view the Court of Appeals was in error in its first decision, *Marchman v. State,* 129 Ga. App. 22 (198 SE2d 425), in holding that there was a fatal variance between the allegations in the indictment and the proof adduced on trial with regard to the description of the stolen property.

I am authorized to state that Justices Ingram and Hill concur in this dissent.

ON MOTION FOR REHEARING.

The motion for rehearing raises questions concerning the fatal variance rule as applied in *Marchman v. State,* 129 Ga. App. 22 (198 SE 2d 425). In the light of recent statutory changes in the criminal law, we question overly-technical applications of the fatal variance rule but can not reach that issue because it is not presented in this case.

---

The fact that the indictment charged the defendant with theft of ". . . One Narvo Avionics Mark 16" aircraft radio and the evidence proved he stole one "Mark 16 . . . Narco" aircraft radio, did not in my opinion amount to a fatal variance; that is, the defendant was not charged with a separate and different crime from the one proved. *Hunt v. State,* 229 Ga. 869 (195 SE2d 31); *Reece v. State,* 125 Ga. App. 49 (186 SE2d 502); *Herring v. State,* 122 Ga. App. 730 (178 SE2d 551). This was not a variance; this was a mere typographical error. However, it is true that the first Court of Appeals decision became the law of the case in this appeal. Had the majority opinion based its reasoning on the law of the case, I would have no quarrel with its conclusion that a fatal variance occurred. But, by relying on *State v. Estevez,* 232 Ga. 316 (206 SE2d 475) and Code Ann. § 26-506, the majority opinion appears to agree with the Court of Appeals on the merits—that the facts here show a fatal variance. Both *Estevez* and Code Ann. § 26-506 are irrelevant here because they relate to "multiple prosecutions for two separate crimes growing out of the same conduct." There were not two separate crimes here.