## 32563. RICKETTS v. WILLIAMS.

HALL, Justice.

Williams was granted a new trial after a jury verdict on the basis of the finding by the original trial judge that "the verdict is decidedly and strongly against the weight of the evidence." Code Ann. § 70-206. He was later convicted, and brought this habeas corpus action, which resulted in an order for his release. The habeas court ruled that the new trial order was "a finding that the evidence did not authorize the verdict" and that a retrial was barred under Code Ann. § 26-507 (d) (2). The state appeals, contending that the statutory double jeopardy bar does not apply to this case.

*Marchman v. State,*[1] 234 Ga. 40 (215 SE2d 467) (1975), held that if an appellate court reverses a conviction on the basis that there was no evidence to support the verdict, a retrial is barred by Code Ann. § 26-507 (d) (2). This would also be true where the trial judge grants a motion for a verdict of acquittal or not guilty under Code Ann. § 27-1802 (a). *Merino v. State,* 230 Ga. 604 (198 SE2d 311) (1973). In both instances, there is a ruling as a matter of law that there is no evidence to support a verdict of guilty.

We hold however that a grant of a new trial by the trial judge under Code Ann. § 70-202 ("contrary to evidence and the principles of justice and equity") or Code Ann. § 70-206 ("decidedly and strongly against the weight of evidence") does not result in a statutory double jeopardy bar under Code Ann. § 26-507 (d) (2). It has been repeatedly held that these general grounds for a new trial

---

[1] Three members of the court dissented (Ingram, Hall and Hill, JJ.) to the statutory construction of Code § 26-507 given by the majority. The General Assembly had the opportunity to overrule the majority opinion at its 1976 and 1977 sessions. While such a bill was introduced, it was not enacted into law. Under the normal rules of stare decisis regarding consistency and uniformity of decision, we will not re-examine the holding in *Marchman.*

are directed sòlely to the sound discretion of the trial judge. "Grounds of a motion for new trial that the verdict is 'decidedly and strongly against the weight of evidence' (Code § 70-206), and 'contrary to evidence and the principles of justice and equity' (Code § 70-202), are addressed to the sound legal discretion of the trial judge and the law imposes upon him the duty of exercising this discretion. *Lanier v. Tullis,* 73 Ga. 142; *Thompson v. Warren,* 118 Ga. 644 (45 SE 912); *McIntyre v. McIntyre,* 120 Ga. 67 (47 SE 501, 102 ASR 71, 1 AC 606); *Macon, Dublin & Savannah R. Co. v. Anchors,* 140 Ga. 531 (79 SE 153); *Mills v. State,* 188 Ga. 616 (4 SE2d 453).

"The trial judge unqualifiedly overruled the general grounds of the motion for a new trial, and in doing so exercised the discretion vested in him by law. Where, as in the present case, the trial judge has exercised the discretion vested in him by law, and there is some evidence to support the verdict, the judgment overruling the general grounds of the motion for new trial is not error. *Andrews v. Dilano,* 206 Ga. 83 (55 SE2d 605); *Shaw v. Miller,* 213 Ga. 511, 513 (100 SE2d 179)." *Kendrick v. Kendrick,* 218 Ga. 460 (128 SE2d 496) (1962).

"Whether their verdict is contrary to the evidence, or contrary to its weight, or decidedly and strongly against is [sic] weight, is a question the law vests in the trial judge's discretion. He may grant a new trial on these grounds, but this court has no such power. Where the trial judge approves the verdict, the sole question for determination by this court is whether there is any evidence sufficient to authorize it." *Adler v. Adler,* 207 Ga. 394, 405 (61 SE2d 824) (1950). See also *Ridley v. State,* 236 Ga. 147 (223 SE2d 131) (1976); *Walters v. State,* 6 Ga. App. 565 (65 SE 357) (1909). A ruling on these grounds does not amount to any ruling on the evidence as a matter of law and as a result the first grant is not normally reviewable by the appellate courts. *Smith v. Telecable of Columbus,* 238 Ga. 559 (234 SE2d 24) (1977). Furthermore, a motion for new trial, if granted at the trial level has been held to be a forfeiture of any right to plead former jeopardy because of the grant of the new trial. *Staggers v. State,* 225 Ga. 581 (170 SE2d 430) (1969); *Pride v. State,* 125 Ga. 750 (54 SE 688) (1906); *Taylor v. State,* 110 Ga. 150 (35 SE 161)

150

(1899). This is the general rule throughout the United States. Green v. United States, 355 U. S. 184 (1957); Annot., 61 ALR2d 1143.

The trial court erred in granting the writ of habeas corpus.

*Judgment reversed. All the Justices concur, except Jordan, J., who concurs in the judgment only, and Nichols, C. J., Hill and Bowles, JJ., who concur specially.*

Submitted July 29, 1977 — Decided November 8, 1977.

*Arthur K. Bolton, Attorney General, Susan V. Boleyn, Staff Assistant Attorney General,* for appellant.

*R. Alex Crumbley, Hester & Hester, Frank Hester,* for appellee.

*Lewis R. Slaton, District Attorney, Carter Goode, Assistant District Attorney,* amicus curiae.

Hill, Justice, concurring specially.

I concur in the judgment but not in all that is said in the opinion.

The trial judge granted a new trial after finding that "the verdict is decidedly and strongly against the weight of the evidence." As the majority opinion notes, the new trial was granted under Code § 70-206 which reads: "The presiding judge may exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of evidence, although there may appear to be some slight evidence in favor of the finding."

Code § 70-206, supra, is involved in this case; Code § 70-202 was not relied upon by the trial judge and is not involved here. What the majority says about Code § 70-202 is dicta. It is not merely *gratis dictum;* it is erroneous *gratis dictum,* as will be seen below.

Code § 70-202 reads: "In any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity, the presiding judge may grant a new trial before another jury."

The majority opinion says of Code §§ 70-202 and 70-206 that: "It has been repeatedly held that these

general grounds for a new trial are directed solely to the sound discretion of the trial judge." Nesbit, J., writing for the court in *Hall v. Page,* 4 Ga. 428, 438 (1848), when only the forerunner of Code § 70-202 was in effect, said: "If the finding of the jury be *clearly against evidence,* or *manifestly without evidence,* the court, I hold, has no discretion, but is bound, in law, to grant a new trial. There is nothing in the laws, the Constitution, or in Magna Carta, or in the great principle of jury trials, which can justify, or for a moment tolerate a verdict without evidence, or contrary to all the evidence. The law will permit no such verdict; the juries have no power to render it, and no court should permit it to stand. You cannot predicate discretion of [sic] such a case." (Emphasis in original.)

The Judiciary Act of 1799 provided as follows (Cobb's Digest of 1851, p. 503): "In any case which has arisen since the signing of the present Constitution, or which may hereafter arise, of a verdict of a special jury being given contrary to evidence and the principles of justice and equity, it shall and may be lawful for the judge presiding to grant a new trial before another special jury. . ." This provision became Code § 70-202. Although the original Act of 1799 gave authority to the presiding judge to grant a new trial where the verdict was contrary to the evidence, the 1848 decision in *Hall v. Page,* supra, converted that authority into a duty.

In 1854 an Act to regulate the granting of new trials was enacted, as follows (Ga.L. 1853-1854, pp. 46-47):

"1. Section I. Be it enacted by the General Assembly of the State of Georgia, That from and after the passage of this Act it shall be obligatory upon the superior courts of this state, to grant new trials in all cases, where an exception to any portion of the pleadings may be illegally sustained, or illegally overruled by the presiding judge, against the applicant for a new trial; in all cases where any evidence may be illegally submitted to or illegally withheld from the jury, against the demand of such applicant; in all cases where the presiding judge may deliver an erroneous charge to the jury, against such applicant, or refuse to give a legal charge in the language requested, when the charge so requested is submitted in

writing; and in all cases where any evidence not merely cumulative in its character, but relating to new and material facts, shall be discovered by the applicant, after the rendition of a verdict against him, and shall be brought to the notice of the court within the time now allowed by law for entertaining a motion for a new trial.

"2. Sec. II. And be it further enacted, That it shall be obligatory upon the Supreme Court of this state, to reverse the judgment below and award a new trial in every case, where it shall appear that an error has been committed in any of the points enumerated in the first section of this Act, by the judge presiding at the trial of the cause.

"3. Sec. III. And be it further enacted, That the judges of the superior courts may have the power to exercise a sound discretion in granting new trials in cases where the verdict may be decidedly and strongly against the weight of evidence, although there may appear some slight evidence in favour of the finding, and the Supreme Court shall have power to revise and control such discretionary power in the superior courts." The Act contained no repealer clause.

As can be seen, Section I of the 1854 Act was obligatory on the superior courts, Section II was obligatory on this court, but Section III was discretionary as to the superior courts.

The Code of 1863, in § 3637, continued the power of the superior courts to grant new trials where the verdict was contrary to the evidence. The discretionary power to grant new trials was continued in § 3641.

The two Code provisions (now §§ 70-202 and 70-206) are different and distinct. In *Josey v. State,* 197 Ga. 82, 93 (28 SE2d 290) (1943), the court said: "One of the grounds of the motion for new trial is that the verdict is strongly and decidedly against the weight of the evidence. This, however, must be addressed to the trial judge. Code § 70-206. The law gives to him alone the authority to grant a new trial for such a reason. This court has no such power. 'The Supreme Court . . . shall be a court alone for the trial and correction of errors of law.' Constitution, Art. 6, Sec. 2, Par. 5 (Code § 2-3005). Under the general grounds usually contained in such a motion, *it is a question of law whether*

*the verdict is contrary to the evidence and without evidence to support it."* (Emphasis supplied.) In *Josey v. State,* supra, this court ruled that whether the verdict is contrary to the evidence and without evidence to support it is a question of law. That is, the grant or denial of a new trial under Code § 70-202 (i.e., whether the verdict is contrary to the evidence, etc.) raises a question of law upon which this court can and does pass. *Hall v. Page,* supra.

What the majority say about Code § 70-202 is dicta. Moreover, it is erroneous dicta. The grant or denial of a new trial under Code § 70-202 is not discretionary.

The majority now rail about *Marchman v. State,* 234 Ga. 40 (215 SE2d 467) (1975), so much that they · misconstrue Code Ann. § 26-507. The majority find that if the trial judge grants a motion for directed verdict of not guilty, a retrial is barred by § 26-507, but if the trial judge grants a new trial under Code § 70-202 (dicta in this case) or Code § 70-206 (holding in this case), retrial is not barred. A directed verdict of not guilty is covered by the phrase "thereby adjudged not guilty" in § 26-507 (d) (2). The majority render meaningless the phrase "the evidence did not authorize the verdict" in that same section.

The majority say, by way of dicta, that if a trial judge grants a new trial on the ground that the verdict is contrary to the evidence, the bar of Code § 26-506 is not applicable, but if the appellate court finds that the verdict is contrary to the evidence, the bar of Code § 26-506 is applicable. Thus, according to the majority, if the trial judge sustains a § 70-202 motion then the defendant can be retried, but if the appellate court finds that the trial judge should have sustained the motion but did not, the defendant cannot be retried. The test should depend, as Code § 26-507 provides, upon the absence of evidence rather than upon the court in which it is found that the evidence did not authorize the verdict.

In my view, if a trial judge finds under Code § 70-202 that the verdict is contrary to the evidence, then "the evidence did not authorize the verdict" and retrial is barred by § 26-507. That is what the General Assembly provided. *Bethay v. State,* 235 Ga. 371, 375 (219 SE2d 743)

(1975). The dicta in the majority opinion does not change the Code section.

I am authorized to state that Chief Justice Nichols and Justice Bowles join in this special concurrence.