## 61708. MAXEY v. THE STATE.

POPE, Judge.

Von Earl Maxey and a co-defendant were charged with the offenses of armed robbery and aggravated assault. Defendant Maxey's motion for directed verdict was overruled and he was convicted. He appeals enumerating four errors.

1. The first enumeration of error is that the property proved to have been taken in the robbery did not match the property alleged to have been taken in the indictment. The armed robbery count charged that defendant Maxey "did with the intent to commit theft, take property of value, to wit: one (1) roll of quarters of the value of $10.00, the property of John Harmon Johnson, from the person of John Harmon Johnson by use of an offense weapon, to wit: a certain pistol . . . " Proof at trial showed that Mr. Johnson had entered the "Barbeque Paradise" on October 19, 1979 to collect the change from

the coin-operated machines inside the establishment. As he left, carrying a cloth bag full of empty coin wrappers and three rolls of quarters in his pocket, he was attacked. The evidence showed that the defendants pushed Mr. Johnson to the ground, kicked, beat, and then shot him, all the while struggling to pull the bag of wrappers from his grasp. Mr. Johnson's pocket, where the quarters were located, was ripped open from the outside. One roll of quarters was later discovered missing.

Because the indictment described the property stolen as a "roll of quarters" and at trial the property stolen was shown only to have been a money bag full of empty coin rolls, defendant claims that a fatal variance existed in the charge as laid in the indictment and the evidence proven at trial. Therefore, he contends the trial court erred when it refused to direct a verdict of acquittal. When examining questions of variance between allegata et probata, *De Palma v. State,* 225 Ga. 465 (3) (169 SE2d 801) (1969), sets forth the rule to be followed. The Supreme Court in *De Palma* adopted the criterion set by the United States Supreme Court in Berger v. United States, 295 U.S. 78 (55 SC 629, 79 LE 1314) (1934). That court stated that "the general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense." Id. at 82.

In the instant case, the variance concerns the description and value of the stolen property. The record of the trial proceedings reveals that defendant knew prior to trial that the bag of wrappers was part of the property alleged to have been stolen in the robbery for which he was charged. The victim testified to this at the commitment hearing. The fact that the roll of quarters was not shown to have been in the bag does not necessarily cause the variance to be a fatal one under *De Palma.*

Post *De Palma* cases have moved away from overly restrictive applications of the fatal variance rule, particularly with respect to the description or amount of the stolen property. In *Bell v. State,* 227 Ga. 800 (1) (183 SE2d 357) (1971), the Supreme Court found that there was no fatal variance between the allegation that the accused took $1,034 and proof that *all* of the money at the motel was taken. Citing Code Ann. § 26-1902, the court opined, "[T]he offense of armed robbery is committed merely by the armed taking of the 'property of another,' regardless of whether its value is great or small." Id. at 801. Following the rationale of *Bell,* the court in *Colton v. State,* 231 Ga. 502 (202 SE2d 444) (1973), found no fatal variance between the

allegation of the indictment that the defendant took $19 and the proof that he took an undetermined amount of money between $14 and $18.

The defendant here urges that the variance is fatal since it is not the result of a mere misnomer as in *Marchman v. State,* 129 Ga. App. 22 (198 SE2d 425) (1974), but rather concerns two "distinct items of property," one as alleged and another as proven at trial. In applying the more restrictive interpretation of the fatal variance rule, *Marchman* followed *McLendon v. State,* 121 Ga. 158 (48 SE 902) (1904), where the court said: "If a necessary allegation is made unnecessarily minute in description, the proof must satisfy the descriptive as well as main part, since the one is essential to the identity of the other." The Supreme Court has disapproved of the restrictive application of this language. In *Dobbs v. State,* 235 Ga. 800, 801 (221 SE2d 576) (1976), the court overruled certain prior cases holding variances fatal and stated that *Marchman* was too restrictive and would not be followed. Quoting language similar to that in *Marchman,* the court in *Bell* at 802 held that "[e]ven if the exact amount of money was a necessary fact, moreover, proof that *all* of the money at the motel was taken is sufficient to meet the criterion set by the U. S. Supreme Court and approved by this court." From this it is obvious that, in armed robbery cases, variances between property descriptions will not be fatal where an armed taking of property is proved.

In view of that test approved in *De Palma* and further supported in *Dobbs,* the sufficiency of the indictment becomes a question of notice to the defendant. The defendant in the instant case was informed of the charges against him. He was accused of taking the property of John Harmon Johnson from the same by use of armed force. The value or description of the property is not necessary to make out the offense against the defendant. The evidence showed that Mr. Johnson had three rolls of quarters as he left the "Barbeque Paradise," that the pocket they were in was ripped open from the outside during the robbery and only two rolls of quarters were later found. The jury could infer from this evidence that Mr. Johnson lost possession of one of the rolls during the commission of the robbery. A money bag was alleged to have been taken and the defendant knew this as early as the commitment hearing. The variance here did not prevent the defendant from preparing his defense or result in surprise at trial. Additionally, there was no danger that defendant might be placed in jeopardy twice for the same offense. Thus, the trial court acted properly in denying defendant's motion for directed verdict.

2. The second enumeration of error is based in large part upon

the same issue as the first enumeration. After deliberating a short time, the jury sent a note to the trial court with the question "Is the charge of armed robbery, if proven guilty, proving guilt specifically of taking the roll of quarters or just the general robbery of the money bag or of something of value." As a recharge the court charged the jury as follows: "My answer to you, members of the jury, is that the charge of armed robbery as set forth in the indictment would also be applicable to the alleged taking of the money bag and coin wrappers even though such was not specifically named in the indictment." The court further explained its recharge as follows: "In other words, the indictment referred to the $10.00 only, but I am telling you that the indictment would also be applicable as I have stated to you." The defendant urges that the court misstated the law in that the *De Palma* rule was misapplied. He would have this court apply the rationale set forth in *Walker v. State,* 146 Ga. App. 237 (246 SE2d 206) (1978). However, the situation in *Walker* is distinguishable from the instant case. The trial court's instruction in *Walker* pertained to *methods* by which a crime was committed. There, the defendant was indicted for committing theft by wrongfully taking property under Code Ann. § 26-1802 (a). The trial court charged the entire section, however, defining the offense of theft by taking stating that it could be proved by showing unlawful taking or unlawful appropriation by a defendant in lawful possession. This court reversed, holding that the charge could have misled the jury into the false belief that they could convict the defendant if either of the alternative methods was established by the evidence. The opinion goes on to state that "an instruction to a jury can be misleading 'where it gives several definitions of the offense for which accused is being tried.'" Id. at 243.

In *Walker* this court addressed the situation in which an indictment alleged that an offense had been committed by a particular method and the trial court had allowed a conviction when the jury found that the offense had been committed by a method not specified in the indictment. We are not faced with different "methods" in the instant case. There was no variance between the method alleged and that which was proved. The variance concerned the description of property and for reasons already discussed, we hold that such a variance cannot be said to have misinformed or misled the defendant to his prejudice, or left him subject to subsequent prosecution for the same offense.

The instructions of the trial court in this case were designed to clarify for the jury the essential elements of the offense of armed robbery as set out in Code Ann. § 26-1902. By so instructing the jury, the court was not submitting the case to the jury upon a theory entirely different from that alleged in the indictment as in *Walker.*

The instructions of the trial court were proper.

3. Defendant urges as error the state's failure to inform him that two of the witnesses who connected defendant to the crime in question were paid money by an investigating officer. Three eyewitnesses gave sketchy accounts of the robbery to officers on the night of the occurrence. It was not until two months later that these witnesses revised their story, provided names and admitted being too scared to tell all they knew on the night the crime had occurred. It was after these more detailed statements had been given that small sums were paid to two of the witnesses. No evidence introduced indicated that the witnesses were paid to change their testimony. The statements of the two witnesses were in substantial conformance with that of the third eyewitness who did not receive any money.

That payments were made became known at trial during the cross examination of Lt. Freemen, who was called to present the state's case on rebuttal. Defendant asserts prejudice because his learning of the "reward money" so late in the trial denied him the opportunity to have the witnesses who were paid cross examined on the matter before the jury. Absent from the record is any attempt by the defense counsel to have these witnesses located and recalled following the discovery. There was no motion made to continue the trial until these witnesses could be brought before the jury to be cross examined as to the payments. Therefore, it cannot be said as a matter of course that the witnesses were "unavailable" or that defendant was denied the opportunity to confront them on this issue.

While Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), requires the prosecution to provide the defendant with "impeaching" evidence such as we have here, the nondisclosure in the instant case is harmless in light of the fact that the jury heard evidence that the paid witnesses changed their stories, that they received money, and also in light of the great amount of evidence of guilt, including the testimony of the eyewitness who was not paid. The jury "had an issue of credibility and was in position to decide whether this testimony was true or perjured." *Morris v. State,* 228 Ga. 39, 48 (184 SE2d 82) (1971). The defendant has failed to show prejudice to his defense or that he was denied a fair trial. *Coachman v. State,* 236 Ga. 473 (3) (224 SE2d 36) (1976); *Hicks v. State,* 232 Ga. 393, 396 (207 SE2d 30) (1974).

4. Defendant's final enumeration of error cites the trial court's refusal to grant appellant's motion for a new trial. The evidence, reviewed in the light most favorable to the prosecution, is sufficient for any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *Boyd v. State,* 244 Ga. 130 (5) (259 SE2d 71) (1979).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 11, 1981.

*John E. Kardos,* for appellant.
*Harry N. Gordon, District Attorney, Robert Elkins, B. Thomas Cook, Jr., Assistant District Attorneys,* for appellee.